DIEGO MESSINA, individually and as trustee, *vs.* THEODORE SCHEFT & another.[1] July 1, 1985. *Practice, Civil*, Trial jury-waived. *Contract*, Validity.

The plaintiff brought an action in two counts in the Superior Court against the defendants. In count II, the count which is the subject of this appeal, the plaintiff alleged that Theodore Scheft as seller and Arnold Alexander as escrow agent had committed a breach of a contract that called for the sale to the plaintiff of Scheft's interest in certain property. The plaintiff sought, among other things, specific performance of the contract. A judge, sitting without jury, found for the defendants on both counts. In his memorandum of decision the judge concluded that the plaintiff had "failed to prove that valid enforceable contracts existed prior to commencing this action." The plaintiff filed a motion for new trial. He contended that the only issue established by the pleadings and contested at trial was whether the plaintiff tendered the money required under the contract and was therefore entitled to specific performance of the contract. The plaintiff argued that the judge erred when he ordered judgment for the defendants based on a ground that was neither contested nor litigated, namely, the lack of a valid contract. The motion was denied by the judge, and the plaintiff has appealed from that action.[2] We agree with the plaintiff that the judge erred and, therefore, order a new trial.

It is clear from the record that the parties never contested the existence of a valid contract, either in the pleadings or at trial. Scheft in his answer admitted the existence of the contract, denied the plaintiff's allegations, and asserted that it was the plaintiff who had broken the contract. Alexander, in his answer, also admitted the existence of the contract, denied that he had violated his obligations as escrow agent, and also alleged that the plaintiff had broken the terms of the contract. At trial, defendants' strategy was consistent with their pleadings.[3] They concentrated on demonstrating

---

[1] Arnold Alexander.

[2] The plaintiff has raised other issues, but because of our resolution of the case, we do not reach them.

[3] Both defendants were represented by the same counsel.

that the plaintiff had committed a breach of the contract, and they never raised the question of the validity of the written contract. Indeed, on at least six occasions they invoked the parol evidence rule and successfully blocked the plaintiff from presenting any evidence in regard to any negotiations that led to the written contract. Certainly, by his rulings, the judge did not give any indication that he was focusing on the validity of the written contract during the presentation of the evidence.[4]

It is readily apparent that the judge based his decision on an issue not raised or litigated by the parties. Under exceptional circumstances the court has approved a trial judge's consideration of a claim not raised in the pleadings, but such instances have almost always involved contracts that violate fundamental public policy. See *O'Donnell* v. *Bane*, 385 Mass. 114, 117 (1982). That is not the situation here. The document relied on by the parties throughout the trial is not "subversive of public policy." *Gleason* v. *Mann*, 312 Mass. 420, 422 (1942). Serious problems may be created whenever a judge bases a decision on an issue that is not before the court. A party may be effectively foreclosed from presenting any evidence on the very issue that is dispositive of the case, as here, where the plaintiff did not present any evidence on the validity of the contract, an issue that he could reasonably believe was not contested.[5]

We are not stating that a judge at a bench trial is held to deciding only those issues raised by the parties. We recognize that there will be instances where a judge may glimpse an issue not perceived by the parties. On those occasions, the course that the judge should follow is to notify counsel of his concerns and permit counsel to present evidence on the question which the judge perceives to be dispositive. See *National Medical Care, Inc.* v. *Zigelbaum*, 18 Mass. App. Ct. 570, 579 (1984). The motion for a new trial should have been allowed.

*Judgment reversed.*

*Sherrill P. Cline* for the plaintiff.
*Edward F. Newell* for the defendants.

---

[4] It was during the plaintiff's closing argument that the judge first questioned whether the parties had formed a valid contract.

[5] The fact that the judge permitted the parties to file memoranda on the question whether a valid contract existed is of no consequence. He refused to permit the plaintiff to reopen the case to present evidence and to cross-examine the defendants' witnesses on the question. He had failed to voice any concern until after the evidence was closed. Thus, his refusal to reopen the case was especially prejudicial to the plaintiff.