## James A. Slade *vs.* Tonette S. Slade.

No. 96-P-621.

Hampden. June 10, 1997. - August 19, 1997.

Present: Warner, C.J., Smith, & Jacobs, JJ.

*Divorce and Separation,* Division of property. *Rules of Domestic Relations Procedure.*

Discussion of Mass.R.Dom.Rel.P. 16. [377-379]
Where a Probate Court judge issued, pursuant to Mass.R.Dom.Rel.P. 16, an order limiting the issues to be tried, the judge abused her discretion in considering at trial, without notice, an issue that was neither contested nor litigated by the parties beyond the scope of the order. [379-380]

Complaint for divorce filed in the Hampden Division of the Probate and Family Court Department on April 15, 1994.

The case was heard by *Marie E. Lyons,* J.

*Barbara J. Sweeney* for the plaintiff.

Warner, C.J. After less than four years of marriage, James Slade (husband) filed a complaint in the Hampden County Probate and Family Court seeking a divorce from his wife, Tonette Slade (wife). After a conference, a pretrial order was issued pursuant to Mass.R.Dom.Rel.P. 16 (1975). The order provided as follows:

> "This is a short-term marriage without children in which the only contested issues are the disposition and appropriate property division order with respect to numerous items of personal property either removed from the marital home by the wife or left in the marital home and not turned over to the wife."

It further directed the parties to "file with the Court a list of those items of personal property which he or she is willing to turn over to the other party and a complete list of the items of

personal property which he or she is seeking the return of."
Both parties complied with the order, and the case was tried
before a Probate Court judge. A judgment of divorce nisi was
entered, and the judge ordered a division of marital assets, al-
lowing the husband to keep, among other things, the marital
home, valued at $70,000 and acquired long before the marriage,
and municipal bonds valued at approximately $26,000, and al-
lowing the wife to retain most of the personal property in her
possession. In addition, each of the parties was ordered to return
certain specific items of personal property to the other, and the
husband was ordered to pay the wife $10,000.[1]

The husband filed a motion for a new trial and to amend the
findings of fact, which was summarily denied. He brings this
appeal, claiming that the award of $10,000 was error, in light of
the fact that the pretrial order limited the issues to be determined
at trial to the disposition of certain items of personal property.
He also argues that the judge's failure to articulate a satisfac-
tory rationale for the award constitutes reversible error, and that
her finding of fact concerning the wife's contribution to the
purchase of the municipal bonds was clearly erroneous. Because
we conclude that the judge erred by exceeding the limitations
imposed by the pretrial order, we do not consider the additional
issues raised by the husband.

The husband claims that the pretrial order, issued pursuant to
Mass.R.Dom.Rel.P. 16, limited the issues the judge could
consider at trial to the division and disposition of specific items
of personal property identified on lists provided by each party.
The interpretation of rule 16 in this context presents an issue of
first impression in Massachusetts. However, because the text of
the rule is identical to that of Mass.R.Civ.P. 16, 365 Mass. 763
(1974), and the relevant language is substantially similar to that

---

[1]The husband maintains that the monetary award was predicated on the
judge's allegedly erroneous finding that the wife contributed to the purchase
of certain municipal bonds owned by him and valued at $26,000. He correctly
argues that the $10,000 award represents approximately 40% of the value of
the bonds. However, although the judge did refer to the municipal bonds in
her findings of fact and conclusions of law, she did not expressly order that
they be sold in order to satisfy the judgment or otherwise indicate that the
$10,000 was connected in any way to the value of the bonds or to the award
of them to the husband. While we agree with the husband that the finding
concerning the wife's contribution was not supported by the evidence, the
method by which the judge arrived at the $10,000 figure is not relevant to our
analysis.

of Fed.R.Civ.P. 16,[2] we look to cases decided under those rules for guidance. See *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975); *Freitas* v. *Freitas,* 26 Mass. App. Ct. 196, 197 n.1 (1988).

Rule 16 of the Massachusetts Rules of Domestic Relations Procedure governs pretrial procedure and provides, in relevant part:

> "The court shall make an order which recites the action taken at the [pretrial] conference . . . and which limits the issues for trial . . . ; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

Pretrial orders are designed to "define, simplify, and limit the issues to be decided, reduce error, prevent surprise, promote judicial economy, and encourage settlement." *Roland M.* v. *Concord Sch. Comm.,* 910 F.2d 983, 999 (1st Cir. 1990), cert. denied, 499 U.S. 912 (1991). Indeed, rule 16 recognizes the value of preserving the integrity of such orders by indicating that once entered, the final pretrial order shall "control[] the subsequent course of the action [and shall be] modified [only] to prevent manifest injustice." Mass.R.Dom.Rel.P. 16. Accordingly, once the issues are defined in a final pretrial order, "they ought to be adhered to in the absence of some good and sufficient reason," *Monod* v. *Futura, Inc.,* 415 F.2d 1170, 1173 (10th Cir. 1969); *Brooks Village .N. Assocs.* v. *General Elec. Co.,* 686 F.2d 66, 71 (1st Cir. 1982), and any "issues not included in the . . . order are waived." *Roland M.* v. *Concord Sch. Comm., supra* at 999. See also *Cole* v. *Anciporch,* 25 Mass. App. Ct. 975, 977 (1988).[3]

In refusing to permit parties to introduce evidence or to argue

---

[2]Rule 16 of the Federal Rules of Civil Procedure provides, in part:

> "After any conference held pursuant to this rule, an order shall control the subsequent course of the action unless modified by subsequent order. The order following a pretrial conference shall be modified only to prevent manifest injustice."

[3]Cases decided prior to the adoption of Mass.R.Civ.P. 16, also support the principle that a "trial should be confined to the issues disclosed by the [pretrial] report." *Mitchell* v. *Walton Lunch Co.,* 305 Mass. 76, 80 (1940). See *R. Dunkel, Inc.* v. *V. Barletta Co.,* 302 Mass. 7, 10 (1938) (judge correctly refused to give instruction that was inapplicable to issues under pretrial order); *Lishner* v. *Bleich,* 319 Mass. 350, 352 (1946) (judge properly excluded evidence on issue not included in pretrial order); *Donnelly* v. *Larkin,* 327

legal or factual theories at trial that were not delineated in pretrial orders, courts have consistently focused on the elements of surprise and unfairness. See, e.g., *Rodrigues* v. *Ripley Indus., Inc.*, 507 F.2d 782, 787 (1st Cir. 1974) (testimony on issue not included in pretrial statement did not fairly apprise defendant of claim); *Roland M.* v. *Concord Sch. Comm.*, 910 F.2d at 999 (judge properly refused to allow modification of pretrial order where defendant would have been prejudiced). This reasoning has also been extended to prohibit judges from basing their decisions on issues neither "raised [nor] litigated by the parties." *Messina* v. *Scheft*, 20 Mass. App. Ct. 945, 946 (1985). See also *National Med. Care, Inc.* v. *Zigelbaum*, 18 Mass. App. Ct. 570, 579 (1984). Indeed, "[s]erious problems may be created whenever a judge bases a decision on an issue that is not before the court," including the possibility that a "party may be effectively foreclosed from presenting any evidence on the very issue that [turns out to be] dispositive of the case." *Messina* v. *Scheft, supra*.

Here the record demonstrates that the judge's deviation from the terms of the pretrial order "was a surprise to all parties." *National Med. Care, Inc.* v. *Zigelbaum, supra*. The order expressly stated that the only issue to be determined at trial was the appropriate division of certain specified items of personal property.[4] The judge was aware of the order, and gave no indication that she intended to consider issues beyond its scope. At trial, the husband did not present evidence concerning any of the assets he owned prior to his marriage and the testimony, which included descriptions of many of the contested items and the source of the funds used to purchase them, was consistent with both parties' reasonable expectations that the distribution of these items was the sole contested issue. Moreover, the wife expressly disclaimed any right she might otherwise have had to the husband's investments.[5] Under these circumstances, the husband was almost certainly prejudiced. We therefore hold that

Mass. 287, 295 (1951) (parties are bound by agreements and admissions made at pretrial conference).

[4]Implicit in the order is the fact that the parties agreed to the disposition and division of any additional assets.

[5]After the husband presented his case, the court allowed the wife to make a statement. She told the court: "The investments that Jimmy and I had I want nothing of. I think, in all fairness, what I am asking for is not unreasonable." On cross-examination, the following exchange occurred:

Counsel: "Is it true that you're not seeking alimony from Mr. Slade?"

the judge's deviation from the express terms of the pretrial order, to address an issue that was neither contested nor litigated by the parties, was an abuse of her considerable discretion. See G. L. c. 208, § 34 (division of marital assets lies within judge's discretion).

We do not suggest that a judge conducting a trial in a case in which there exists a pretrial order is limited, under all circumstances, to considering only those issues encompassed by the order. Indeed, rule 16 expressly provides for the modification of a pretrial order "to prevent manifest injustice." Here, however, neither party sought modification of the order.[6] Nor was the issue of the distribution of additional assets tried by express or implied consent. See Mass.R.Dom.Rel.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings"); Mass.R. Civ.P. 15(b), 365 Mass. 761 (1974) (same); *National Med. Care, Inc.* v. *Zigelbaum,* 18 Mass. App. Ct. at 578-579.

"We [also] recognize that there [may] be instances where a judge may glimpse an [important] issue not perceived by [either of] the parties." *Messina* v. *Scheft,* 20 Mass. App. Ct. at 946. In such a case, the proper course for the judge to follow would be to "notify [the parties] of his concerns and permit [them] to present evidence" regarding whatever matter he perceives to be relevant. *Ibid.*

We vacate the fifth paragraph of the "Liabilities" section of the judgment of divorce nisi. In all other respects, the judgment of divorce nisi is affirmed.

*So ordered.*

MRS. SLADE: "Right."

COUNSEL: "You're not seeking any interest in the marital residence, is that correct?"

MRS. SLADE: "No, I'm not."

COUNSEL: "Would it be fair to say that the only issue before the Court is the personal property that's been discussed here today?"

MRS. SLADE: "Yes."

[6]We express no opinion whether, under these circumstances, the judge would have been justified in modifying the pretrial order to include consideration of additional marital assets in order to avoid manifest injustice, had either party so requested.