Coven, J.
This is a Dist./Mun. Cts. R A. D. A, Rule 8A appeal by third-party defendant Mann after entry of judgment for the defendants on their claims against her for contribution and indemnification.
Defendants James R. Cummins and his wife, defendant Ruthann Cummins (“the Cumminses”), lived in a Northbridge, Massachusetts subdivision called the “Heights at Hill Street 2.” Lots in that subdivision were subject to a building restriction requiring a minimum of 2,500 square feet of living space per new home construction.
In June, 1994, Mr. Cummins noticed that a lot 3 near his house was being marketed for sale with a sign advertising a house to be built with 1,800 square feet of living space. Cummins contacted the third-party defendant, Attorney Laura A. Mann (“Mann”), and requested that she determine if there were any building restrictions on lot 3. He also told her that the sale sign indicated that the realtor was Dick Nicoli (“Nicoli”) of ERA-John Nelson.
Based on the information provided by Mr. Cummins, Mann reviewed the Heights at Hill Street 2 restrictions and determined, correctly, that dwellings on the lots in that subdivision were required by the deed to have a minimum of 2,500 square feet. She so informed Cummins, and then sent a letter dated June 13,1994 to Nicoli. Mann’s letter referenced lot 3 of Heights at Hill Street 2, stated that it was her understanding that Nicoli was marketing lot 3 for the owner, informed Nicoli of the building restrictions, and asked Nicoli to contact her if he had any questions. A copy of the restrictions noted in the deed was attached to the letter.
Neither Mann, nor the Cumminses, were aware that plaintiff David E. Ouellet (“Ouellet”) had executed a purchase and sale agreement with Walter F. Driscoll (“Driscoll”) and George Heitman (“Heitman”) for lot 3 in the Heights of Hill Street subdivision, a subdivision adjacent to, but different from, the Cumminses’ Heights at Hill Street 2 subdivision. Ouellet alleged that he received a copy of Mann’s June 13, 1994 letter to Nicoli On June 14, 1994, one day before the scheduled closing. Ouellet further alleged that he refused to purchase the lot from Driscoll and Heit-man in reliance on his interpretation of Mann’s letter to Nicoli that the lot was subject to a 2,500 square foot building restriction. However, prior to the closing, *257 Eileen Clark (“Clark”) of Noonan Real Estate, the broker for Driscoll and Heit-man, had explained to Ouellet that there were two separate subdivisions in the neighborhood, as well as two distinct lot 3’s, and that the building restrictions cited in Mann’s letter were not applicable to the lot 3 that Ouellet had contracted to buy. Clark further informed Ouellet that she had had several telephone conversations with Mann to clarify the separate lots and subdivisions and that Mann had agreed with her that the building restriction did not apply to the Driscoll/Heitman lot 3.
In August, 1994, Ouellet commenced suit against Driscoll and Heitman for their alleged breach of contract, G.L.C. 93A violations and misrepresentations in marketing lot 3 as suitable for the construction of an 1,800 square foot dwelling without building restrictions. Driscoll and Heitman were granted summary judgment on all claims in August, 1995.
Ouellet then commenced this action against the Cumminses in the Essex Superior Court in July, 1996. Based on his purported reliance on Mann’s June 13,1994 letter to NicoU, Ouellet sought damages for the Cumminses’ alleged fraud, slander of title and intentional interference with contractual relations. In September, 1996, the Cumminses moved for the dismissal of, or in the alternative, summary judgment on Ouellet’s claims.
In March, 1997, the Cumminses filed a third-party complaint against Mann and the law firm of Williams & Mann for contribution and indemnification on the claims asserted against them by Ouellet. On March 28,1997, Ouellet filed a direct claim against both Mann and Williams. In June, 1997, Mann filed a motion to dismiss all claims against Williams and Mann on the grounds that the firm was an unincorporated association and thus not a proper party to the suit. That motion and the Cumminses’ motion for dismissal/summary judgment were scheduled for hearing in August, 1997. The Essex Superior Court declined to consider the motions, and transferred the action to the Lynn Division of the District Court Department.
On October 3 1997 the Lynn Division heard argument on several motions which included: (1) the Cumminses’ motion for dismissal/summary judgment on Ouellet’s claims against them; and (2) Mann’s motion to dismiss both the Cum-minses’ third-party complaint and Ouellet’s direct claim against the law firm of Williams and Mann. In his Rulings and Order of October 6, 1997 the trial judge dismissed Ouellet’s claims against all defendants[4] as well as the Cumminses’ claims against Mann. No motion for the latter was before the court. The judge further ruled that the Cumminses could seek “reinstatement” of their claims against Mann within thirty days based upon “a credible showing of harm/damages” associated with defending against Ouellet’s claims.
On October 17,1997, Mann filed a motion to clarify the court’s October 6,1997 order. Mann sought determinations inter alia, that there had been no ruling on the merits of the Cumminses’ claims against Mann and that the Cumminses could seek reinstatement of their claims against her only upon a proper showing of not *258 only damages but also Mann’s negligence. The Cumminses filed a motion for reinstatement which did not address the issue of negligence but which asserted only that they had “sustained damages associated with having to defend the case” and listed the amount of their legal fees. Neither Mann nor the Cumminses had moved for summary judgment on the third-party complaint against Mann.
On October 31,1997, the trial judge heard only Mann’s motion for clarification and the Cumminses’ motion for reinstatement. In response to the former, the judge ruled:
Upon summary judgment motion. After hearing, Court’s order of October 6, 1997 is clarified by confirming that ruling has been entered finding third-party defendant Laura Mann liable to the defendants for damages associated with acts/omissions occurring during the parties’ attorney/client relationship with each other leading up to this action — damages upon said liability are assessed pursuant to defendant's reinstatement motion.
The judge also allowed the Cumminses’ motion for reinstatement and, “upon finding that said defendant Laura Mann owed a duty of care to the defendants and breached the same due to error/omission,” assessed damages in the amount of $9,000.00 against Mann.
On this appeal, Mann contends that the statements made in her June 13,1994 letter to Nicoli were accurate, and that the trial judge correctly held that no action could lie against the Cumminses on the basis of those statements. Mann further argues that the court thus erred in ruling that the Cumminses could recover against her, given that Ouellet’s claims against all defendants had been dismissed; that the merits of the Cumminses’ third-party claims against Mann were never before the court; and that there existed material issues of fact relative to such claims.
1. At minimum, due process requires notice and an opportunity to be heard. Rockdale Mgm. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 600 (1994); Vitale v. Planning Board of Newburyport, 10 Mass. App. Ct. 483, 487 (1980). Adequate notice is that which is reasonably calculated to inform the parties of proceedings which may directly and adversely affect their legally protected interests. LaPointe v. License Board of Worcester, 389 Mass. 454, 458 (1983). The right to be heard entails an opportunity to address the critical and determinative allegations which are at the core of a party’s claim or defense and to present evidence on the contested facts. See Highland Tap v. Commissioner of Consumer Affairs, 33 Mass. App. Ct. 559, 571 (1992).
A court may not base its decision on an issue which is not before it because “a party may be effectively foreclosed from presenting any evidence on the very issue that is dispositive of the case.” Messina v. Scheft, 20 Mass. App. Ct. 945, 946 (1985). See also Slade v. Slade, 43 Mass. App. Ct. 376, 379 (1997); Bang v. Tran, 1997 Mass. App. Div. 122, 124. When a trial judge identities what he or she deems to be a decisive issue, the correct approach is to notify counsel and permit both parties to present relevant evidence and argument. Messina v. Scheft, supra at 946. Similarly, a trial court may not generally alter or expand a dispositive motion without taking adequate steps to avoid any unfair surprise or prejudice to the parties. Thus a trial judge may not treat a Mass. R. Civ. P., Rule 12(b) (6) motion to dismiss as one for summary judgment, see Wrightson v. Spaulding, 20 Mass. App. Ct. 70, 72-73 (1985), may not sua sponte enter full summary judgment on a motion for only partial summary judgment, see Baldwin Crane & Equip. Corp. v. Reilly & Reilly Ins. Agency, Inc., 44 Mass. App. Ct. 29, 32 (1997), and may not sua sponte enter summary judgment for, e.g., all defendants on a Mass. R. Civ. R, Rule 56 motion by only a few defendants, see Langton v. Commissioner of Corrections, 34 Mass. App. *259 Ct. 564, 575-576 (1993), unless the judge affords the parties “sufficient notice of his intention to do so, opportunity to submit affidavits, and a right to be heard on the matter.” Gamache v. Mayor of North Adams, 17 Mass. App. Ct. 291, 295 (1983) ,[5]
In the instant case, no motion for summary judgment on the Cumminses’ third-party complaint against Mann was ever filed at any time by any of the parties. On the basis of only the Cumminses’ motion for dismissal/summary judgment on Ouellet’s claims against them presented at the October 3,1997 hearing, the court dismissed not only all of Ouellet’s claims against all defendants, but also the Cum-minses’ claim against Mann. No issue as to third-party defendant Mann’s liability for contribution or indemnification was raised or argued.
The October 31, 1997 motion hearing was confined to the Cumminses’ reinstatement motion and Mann’s clarification motion. Despite this limited focus, the court not only granted the Cumminses’ motion, but also proceeded to make a finding that Mann had negligently breached her duty of care to the Cumminses,[6] to assess and award damages against her, and to order summary judgment for the Cumminses in the amount of such damages. The court’s findings, rulings and judgment of October 31,1998 were made without benefit of notice to the parties, a summary judgment motion and supporting documentation, or an evidentiary hearing. The trial court’s sua sponte election to adjudicate the merits of the third-party complaint without notice and an opportunity for Mann to be heard was viola-tive of her due process rights and thus error.
2. Even assuming arguendo that it was permissible for the court to reach the merits of the third-party claim in the absence of a proper summary judgment motion, there was absolutely no basis upon which the court could have properly held Mann liable.
Tort based indemnification “allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including reasonable attorney’s fees.” Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). See also Slocum v. Donahue, 44 Mass. App. Ct. 937, 939 (1998). However, “[tjhe right to indemnity is limited to those cases in which the would be indemnitee is held derivatively or vicariously liable for the wrongful act of another.” Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 40 (1983). In the instant case, the trial judge dismissed Ouellet’s claims against both the Cumminses and Mann. Thus the Cumminses were not held “derivatively or vicariously liable” for any act by Mann, and Mann committed no “wrongful act” and could not be considered a “wrongdoer” liable for the entire loss, including attorney’s fees, sustained by the Cumminses in defending against Ouellet’s claims.[7]
*260 Second, the Cumminses have failed to establish, or even suggest, that there was a contract of indemnification between them and Mann. Their reliance on Riedle v. Peterson, 29 Mass. App. Ct. 380 (1990) and Amoco Oil Co., Inc. v. Buckley Heating, Inc., 22 Mass. Ct. 973 (1986) as authority for their entitlement to indemnification by Mann for their attorney’s fees is clearly misplaced, as both cases involve contractual indemnification clauses pursuant to which the defendants were held liable for damages incurred by the plaintiffs in consequence of the defendants’ wrongdoing, and are thus inapposite. See Riedle v. Peterson, supra (holding that if seller had proceeded against buyer for indemnification under the “holding harmless” clause in the deed for property, seller would have been entitled to recover legal fees against the buyer who failed to make payments on mortgage assumed from seller); Amoco Oil Co. v. Buckley Heating. Inc., supra (holding that indemnity clause in a “jobber contract” covered expenses of defending lawsuit on a claim within the scope of the indemnity). In the absence of an indemnification contract between the third-parties, the Cumminses were precluded from recovering their legal expenses on that basis.
Accordingly, the trial court’s finding of liability against Mann, assessment of damages and order for summary judgment in favor of the Cumminses are hereby vacated. This action is returned to the trial court for further proceedings consistent with this opinion.
So ordered.

 The trial judge found, inter alia, that “[tjaken in light most favorable to the plaintiff, ruling is further made that the balance of the plaintiff’s claims cannot be substantiated in any way to prove intent on the part of the defendants or any of them to harm the plaintiff. The third party defendant Mann’s letter dated June 13, 1994 does not rise to the level of conduct which is actionable or would permit the plaintiff to maintain or prevail in any of his claims made via his complaint. Further, the plaintiff’s deposition testimony of September 18,1997 presented to the court acknowledging that the defendant Mann acted out of mistake and not intent in this case results in the balance of the plaintiff’s claims being subject to dismissal on summary judgment....”

 A trial judge may, of course, enter summary judgment against the moving party, an outcome expressly provided for in Rule 54(c). Good v. Commissioner of Correction, 417 Mass. 329, 336 n. 7 (1994); Clark v. Trumble, 44 Mass. App. Ct. 438, 441 (1998).

 Mann contends that while the court’s findings and rulings of both October 6, 1997 and October 31,1997 reference Mann’s “negligence,” the Cumminses’ third-party complaint did not even set forth a claim for simple negligence, but was instead restricted to clams for contribution and indemnification. The third-party complaint was not included in the record submitted to this Division.

 For similar reasons, there was n basis for holding Mann liable for contribution, which requires “joint liability” for the same injury. G.L.c. 231B, §l(a). See, e.g., A.L. v. Commonwealth, 402 Mass. 234, 247-248 (1988). “Without liability in tort, there is no right to contribution.” Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 691 (1987). Neither the Cumminses, nor Mann, were held liable on Ouellet’s claims.