In this appeal from a judgment of divorce nisi (divorce judgment) and related orders entered by the Probate and Family Court, Andrea L. McKnight (wife), the former wife of Benjamin P. Fisher (husband), primarily challenges the aspects of the divorce judgment relating to legal custody of the parties' minor child, parenting time, child support, and attorney's fees. For the reasons set forth below, we vacate the portions of the divorce judgment relating to legal custody, parenting time, and attorney's fees, and remand for further proceedings consistent with this memorandum and order. The remainder of the divorce judgment is affirmed.
Background. The parties were married in August of 2005, and had one child together. In April of 2014, the wife filed a complaint for divorce in the Probate and Family Court. On August 1, 2014, following a hearing, a judge of the Probate and Family Court issued an order appointing a guardian ad litem (GAL) to investigate, evaluate, and prepare a report regarding the best interests of the parties' child in relation to custody and parenting time.[2] On the same day, a pretrial notice and order issued indicating that the case may go to immediate trial if the judge determines that "one party, by failure to appear at the pre-trial conference or otherwise, will not present a case."[3]
In August of 2014, the parties entered into a stipulation providing that the wife would have primary physical custody of the child, and the husband would have unsupervised parenting time every other weekend, along with dinner visits on Wednesday evenings. In December of 2014, the parties entered into a stipulation requiring the husband to pay base child support of $380 per week, along with additional child support equivalent to ten percent of his bonus income.
On August 5, 2015, the wife and her counsel appeared for the pretrial conference. The husband did not appear. The wife testified that the husband indicated he would not participate in the litigation. The judge credited the wife's testimony, found that the husband did not intend to present a case, and proceeded to an immediate trial on the wife's complaint for divorce (first trial). At the first trial, the judge heard testimony from the wife, admitted the GAL report as an exhibit, and instructed the wife to submit a proposed divorce judgment (proposed judgment). In her proposed judgment, the wife requested (1) sole legal and physical custody of the child, with supervised parenting time for the husband; (2) $399.69 per week in base child support,[4] along with additional child support equivalent to twenty percent of the husband's bonus income; (3) a division of marital assets under which the parties would retain their respective retirement accounts, bank accounts, and liabilities;[5] and (4) and a lump sum of $15,000 to cover her attorney's fees. The wife also filed a separate motion seeking $15,000 in attorney's fees on August 10, 2015.
On August 19, 2015, the husband filed a motion to vacate default and requested that the matter be set for trial if he and the wife were unable to "agree on custody or financial arrangements." On September 17, 2015, both parties and their counsel appeared for a hearing on the husband's motion to vacate. At the hearing, the husband indicated that the only issue in dispute was legal custody of the parties' child. On September 18, 2015, the judge issued an order (1) denying the husband's request to vacate on the basis that judgment had not yet entered in the case, and (2) allowing the husband's request for a new trial on the sole contested issue of legal custody.
In December of 2015, the wife filed a complaint for contempt, alleging that the husband was in arrears of his child support payments in the amount of $13,172.02. The contempt matter was thereafter consolidated with the second trial per the wife's request.
Both parties and their counsel appeared for the second trial, which commenced on December 16, 2015, and concluded on January 12, 2016, after three days of hearing. At the second trial, the judge heard testimony from both parties and the GAL. On April 21, 2016, the judge issued a divorce judgment, providing, in relevant part, that (1) the parties shall have joint legal custody; "however, if there is a dispute between the parties regarding the child's health, safety or welfare, including educational, medical and religious matters, ... the [w]ife shall have final authority to decide those matters"; (2) the wife shall have primary physical custody of the child; (3) the husband shall have unsupervised parenting time every other weekend and on Wednesday evenings until 8:30 P.M. ; (4) the husband shall not consume alcohol, narcotics, or nonprescribed medications at any time during his parenting time with the child or for twelve hours prior thereto; (5) the husband shall pay base child support of $380 per week, along with additional child support equivalent to fifteen percent of his bonus income; (6) the parties shall share the cost of the child's college education, "in accordance with their respective ability to pay at the time"; (7) the parties shall retain their respective retirement accounts, bank accounts, and liabilities; and (8) the parties shall be solely responsible for their respective attorney's fees.[6]
On April 29, 2016, the wife filed a timely motion to alter and amend the divorce judgment pursuant to Mass.R.Dom.Rel.P. 59, which was denied on June 24, 2016. The present appeal by the wife followed.[7]
Discussion. The wife principally argues that the judge (1) erred in ordering a new trial on the issue of legal custody; (2) improperly "modified" the "previously adjudicated" issues, including parenting time and child support; (3) abused his discretion in awarding joint legal custody and unsupervised parenting time to the husband; and (4) abused his discretion in denying the wife's request for attorney's fees. We address the wife's arguments in turn.
1. The new trial. The wife contends the judge improperly allowed the husband's request for new trial on the issue of legal custody.[8] A judge may grant a new trial "on all or part of the issues for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the Commonwealth" and, upon such motion, may "take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions." Mass.R.Dom.Rel.P. 59(a).[9] The decision whether to reopen the proceedings is within the discretion of the trial judge. Dominick v. Dominick, 18 Mass. App. Ct. 85, 90 (1984).
Here, the judge reopened the proceedings with respect to the sole contested issue of legal custody. The only evidence at the first trial pertaining to legal custody consisted of the GAL report, which was admitted as an exhibit, and the wife's testimony that she does "not have the ability to communicate with [the husband] on a consistent basis." Given the limited nature of that evidence, we think the judge's decision to allow additional evidence, including testimony from both parents and the GAL, was appropriate and necessary for the purpose of determining the child's best interests. See Rolde v. Rolde, 12 Mass. App. Ct. 398, 402-403 (1981) ("[I]n deciding issues involving custody, the overriding concern of the court must be the promotion of the best interests of the child[ ]," and "[t]he opportunity ... to observe and appraise both parents is particularly important in a case of this kind" [quotation omitted] ). Accordingly, we discern no abuse of discretion in the allowance of the husband's request for a new trial. Dominick v. Dominick, supra.
2. The "previously adjudicated" issues. The wife contends that the judge, in failing to strictly adopt the wife's proposed judgment, (1) improperly "modified" the "previously adjudicated" issues, including parenting time and child support, and (2) impermissibly considered evidence from the second trial when determining those issues. We disagree.
There is "a traditional policy against default judgments in domestic relations cases." Houston v. Houston, 64 Mass. App. Ct. 529, 535 n.10 (2005) (quotation omitted). The husband's failure to appear at the pretrial conference did not obligate the judge to adopt the wife's proposed judgment in its entirety. Indeed, such practice is generally discouraged. See Care & Protection of Olga, 57 Mass. App. Ct. 821, 823 (2003) ("We have criticized in the past wholesale adoption of findings proposed by one party to the litigation, and we do so again").[10] Moreover, none of the issues had, in fact, been "adjudicated" prior to the entry of the divorce judgment, as no judgment had yet entered in the divorce action. See Mass.R.Dom.Rel.P. 58(a) ("Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in [Mass.R.Dom.Rel.P.] 79 [a]").[11]
We likewise discern no error in the judge's consideration of evidence from the second trial when deciding the issues of parenting time and child support. It is true that the judge's September 18, 2015, order limited the second trial to the sole issue of legal custody, and ordinarily, "once the issues are defined in a final pretrial order, they ought to be adhered to in the absence of some good and sufficient reason." Slade v. Slade, 43 Mass. App. Ct. 376, 378 (1997) (quotation omitted). However, a judge is permitted to consider an issue that has been tried with the "implied consent" of the parties. Mass.R.Dom.Rel.P. 15(b). Generally, when determining whether a judge may consider "evidence or ... legal or factual theories at trial that were not delineated in pretrial orders, courts have consistently focused on the elements of surprise and unfairness." Slade v. Slade, supra at 378-379. Here, we cannot say the judge's consideration of issues beyond the scope of the final pretrial order resulted in surprise or unfairness to the wife. The wife sought to consolidate her contempt action with the second trial, which resulted in extensive testimony regarding the parties' finances in connection with child support and other related matters.[12] The wife called the GAL as a witness at the second trial and elicited testimony from her regarding the parenting plan. The wife also testified regarding the parenting plan, as did the husband. At no point did the wife object to the expanded scope of the second trial. Accordingly, it is apparent from the record that although these issues were not part of the final pretrial order, they were nevertheless tried with the implied consent of the parties. See Mass.R.Dom.Rel.P 15(b) ; National Medical Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570, 578-579 (1984) ("if the issue is tried by the ... implied consent of the parties and there is no prejudicial surprise, it is treated as if it had been raised in the pleadings without regard to whether the pleadings are amended to conform to the evidence"). We therefore discern no error in the judge's consideration of evidence from the second trial relating to issues beyond the scope of the September 18, 2015, order, including parenting time and child support.[13]
3. Legal custody and parenting time. The wife contends that the judge's findings do not support the award of joint legal custody and unsupervised parenting time to the husband.[14] We agree.
"Shared legal custody" is defined as "continued mutual responsibility and involvement by both parents in major decisions regarding the child's welfare including matters of education, medical care and emotional, moral and religious development." G. L. c. 208, § 31, as amended by St. 1989, c. 689. Shared custody "requires two capable parents with some degree of respect for one another's abilities as parents, together with a willingness and ability to work together." Rolde v. Rolde, 12 Mass. App. Ct. 398, 405 (1981). Here, the judge found there to be "conflicting testimony" regarding the parties' "ability to co-parent the child effectively." The judge credited the GAL's testimony that the parties were unable to co-parent effectively due to the husband's "inappropriate conduct" and "vitriolic rages," including "name calling" and "swear[ing]" whenever the wife disagreed with him. The judge also credited the GAL's testimony that the husband "has a significant substance abuse history that interferes with his ability to communicate and co-parent." The judge credited the wife's testimony that sometimes the parties were able to communicate effectively, while at other times, it was "impossible." The judge acknowledged that the husband loves the child and "wants to retain the ability to participate in important decisions in the child's life"; however, the judge questioned whether the husband "has the ability to control his outbursts, rages and abusive behavior toward [the] [w]ife." The judge also credited the wife's testimony that the husband had been "physically and emotionally abusive to her." See G. L. c. 208, § 31A, inserted by St. 1998, c. 179, § 3 (judge shall "consider evidence of past or present abuse toward a parent," and there shall be presumption against joint custody if judge finds "that a pattern or serious incident of abuse has occurred").[15] In light of these findings, the judge's decision to award shared legal custody is not adequately supported. See Carr v. Carr, 44 Mass. App. Ct. 924, 925 (1998) (joint legal custody not appropriate where "the relationship of the parties has been dysfunctional, virtually nonexistent, and one of continuous conflict").[16]
We observe a similar disconnect between the judge's subsidiary findings and his ultimate decision concerning parenting time. "In custody matters, the touchstone inquiry [is] ... what is 'best for the child.' " Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting from Custody of Kali, 439 Mass. 834, 840 (2003). See G. L. c. 208, § 28.[17] "When considering the happiness and welfare of the child, the court shall consider whether or not the child's present or past living conditions adversely affect his physical, mental, moral or emotional health." G. L. c. 208, § 31. Here, the judge found that the wife was "legitimately concerned about [the] [h]usband's alcohol and/or drug consumption around the child." The judge found that the husband "minimized and diminished his substance abuse history." The judge credited the wife's testimony regarding "domestic violence" that occurred while the husband was intoxicated. The judge also credited the GAL's testimony that the husband "lacked insight into his behavior," "inappropriately introduced the child to women[,] and even allowed the child to sleep in bed with him and another woman." Despite crediting the GAL's testimony, the judge ultimately rejected the GAL's recommendation of supervised parenting time for the husband. To be sure, the judge was not required to adopt the GAL's recommendation. See Pizzino v. Miller, 67 Mass. App. Ct. 865, 876 (2006). However, the judge did not make any positive findings regarding the husband's ability to appropriately care for the child, nor did he appear to consider the husband's past abuse of the wife "as a factor contrary to the best interest of the child." G. L. c. 208, § 31A.
In sum, the judge's subsidiary findings, as they currently stand, do not support his ultimate determinations as to shared legal custody and unsupervised parenting time, and "[t]he factual basis upon which the judge" made each of those determinations "remains opaque." Prenaveau v. Prenaveau, 75 Mass. App. Ct. 131, 142 (2009). With respect to the award of unsupervised parenting time, we acknowledge that, notwithstanding the deficiencies in the judge's findings, there is evidentiary support in the record for such an award.[18] Accordingly, we remand so that the judge may make additional findings explaining the rationale for his decision regarding parenting time. With respect to the award of shared legal custody, both the judge's findings and the evidence in the record appear to weigh against such an award. "In some cases, we have directed that questions of custody ... be answered in a particular manner, because the evidence before us on appeal convincingly establishes that that result is correct." Id. at 143. While it is a close call, "[w]e do not believe that this is one of those cases" and therefore remand so that the judge may reconsider and redetermine the issue of legal custody. Ibid. This will require "careful re-examination of the facts" and "additional fact finding as necessary." Id. at 143-144. Moreover, in light of the judge's findings regarding the husband's past abuse of the wife, the judge shall, on remand, make the appropriate inquiry required by G. L. c. 208, § 31A, including, but not limited to, considering the abuse as a factor contrary to the child's best interests and determining whether the presumption against shared legal custody applies in this case.[19] The judge may, in his discretion, take additional evidence regarding these issues on remand.
Attorney's fees. The wife argues that the judge abused his discretion in denying her request for $15,000 in attorney's fees without providing a basis for same. We agree.
A judge has broad discretion to award attorney's fees in a divorce case. See Moriarty v. Stone, 41 Mass. App. Ct. 151, 159 (1996) ; G. L. c. 208, § 38. "The factors a judge may consider include the amount of time required to prepare the case and pleadings, the complexity of the issues involved, the value of the marital property, and the spouse's ability to pay." DeMatteo v. DeMatteo, 436 Mass. 18, 39 (2002). See Goldman v. Roderiques, 370 Mass. 435, 437 (1976) (When ruling on a request for attorney's fees, "the basic factors of need and relative economic positions of the spouses" must be considered). In the present case, we are unable to determine whether the judge considered those factors, as he provided no rationale for his denial of the wife's request for attorney's fees. Accordingly, the issue of attorney's fees must be remanded for reconsideration by the judge, and findings explaining his decision.[20]
Conclusion. The portions of the divorce judgment (1) granting the parties joint legal custody of the minor child, (2) ordering unsupervised parenting time for the husband, and (3) denying the wife's request for attorney's fees are vacated and remanded for further proceedings consistent with this memorandum and order. The judge may, but is not required to, take additional evidence with respect to the issues on remand. The remainder of the divorce judgment is affirmed. During the pendency of the remand, the judge shall issue temporary orders regarding legal custody and parenting time.
So ordered.
vacated in part; affirmed in part.

The judge specifically directed the GAL to address several issues, including "the parenting abilities of each party," "[w]hich party appears to be the more appropriate custodial parent," "the appropriate level and manner of visitation for the non-custodial parent," and whether "either of the parties have any substance abuse and/or psychiatric or psychological problems and, if so, ... the extent of the impact of those problems on the minor child."

The pretrial conference was later continued to August 5, 2015, by agreement of the parties.

The wife requested child support in the amount of $866 paid "twice monthly," which is equivalent to $20,784 annually ($866 x 24) or $399.69 weekly ($20,784 / 52).

Specifically, the wife sought to retain her "Wells Fargo, Roth IRA" and "Commonwealth of Massachusetts, State Retirement Fund," her individual bank accounts, and "any bank accounts, trusts, or other funds established for the benefit of herself or the minor child, ... including, without limitation, the R.H. McKnight Irrevocable Life Insurance Trust for the benefit of [the parties' child]." The wife proposed that the husband retain his Charles Schwab 401(k) retirement account and his individual bank accounts.

On the same day, the judge issued a separate judgment on the wife's complaint for contempt (contempt judgment), finding the husband "not guilty of contempt as alleged by the [w]ife," while nevertheless concluding that the husband owed the wife $8,060 in "bonus income child support." The contempt judgment is not at issue in the present appeal.

The wife also appeals from the denial of her motion to stay the divorce judgment. However, because the wife's brief does not contain any argument related to that issue, we decline to consider it. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

The judge properly treated the husband's motion to vacate as a motion for a new trial. See Snow v. Snow, 476 Mass. 425, 428 (2017) ("[T]he title or form of the [document] is not dispositive; it is to be treated in accordance with its essential substance" [quotation omitted] ).

Contrary to the wife's assertion, the husband's request for a new trial did not have to be supported by evidence of fraud, mistake, or misrepresentation. See Mass.R.Dom.Rel.P. 59. See also Kerr v. Palmieri, 325 Mass. 554, 557-558 (1950) ("There is nothing in the argument that the grounds stated in the [rule 59 ] motion are insufficient. The motion did not need to specify any ground").

"Proper use of the parties' proposed findings can, and often does, substantially facilitate the opinion-writing process. But that proper use should evince fact-finding by the judge, not fact-finding by proxy." Care & Protection of Olga, 57 Mass. App. Ct. at 823.

The wife claims that the September 18, 2015, order "entered judgment on all issues except legal custody"; however, that order merely provided that judgment would enter on all of the issues, except for legal custody, based on the evidence presented at the first trial. See Creedon v. Haynes, 90 Mass. App. Ct. 717, 720 (2016) (Even where trial judge determines relief to which party is entitled and announces it on record, "there is no effective judgment" until rules 58 [a] and 79[a] have been complied with).

As the judge explained in his order denying the wife's motion to alter and amend, "both parties repeatedly introduced financial issues throughout the trial," which prompted him to take "those matters under advisement and issue[ ] [o]rders regarding payment of child support, payment of medical and dental insurance, and payment of extracurricular expenses." The wife testified about the child's extracurricular activities and preschool tuition.

We further note that the divorce judgment did not represent a drastic departure from the wife's proposed judgment with respect to child support. The wife sought approximately $400 per week in base child support, along with twenty percent of the husband's bonus income as additional child support. The divorce judgment required the husband to pay $380 per week in base child support (identical to the temporary child support amount agreed to by the parties), along with additional child support equivalent to fifteen percent of his bonus income.

We review custody determinations for an abuse of discretion. Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).

While the judge considered evidence of "past abuse" perpetrated by the husband, it is unclear whether the judge viewed it as a "serious incident" or "pattern" within the meaning of § 31A.

We acknowledge the judge's attempt to create a safeguard by providing the wife with sole decision-making authority in the event of a "serious dispute" or communication breakdown between the parties. However, the inclusion of this safeguard emphasizes the dysfunctional nature of the parties' relationship and undermines the purpose of joint custody. See Rolde v. Rolde, 12 Mass. App. Ct. at 404 ("Joint custody is synonymous with joint decision making").

"Upon a judgment for divorce, the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties." G. L. c. 208, § 28, as amended by St. 1975, c. 400, § 29.

The GAL testified that, upon observing the husband playing with the child, their interactions were appropriate and they appeared to be well-bonded. The GAL further testified that, during the pendency of the divorce proceedings, the husband enjoyed unsupervised parenting time with the child "without incident." However, because the judge did not make any findings regarding this testimony, we are unable to discern whether it formed the basis for his decision to allow unsupervised parenting time.

"In issuing any temporary or permanent custody order, the probate and family court shall consider evidence of past or present abuse toward a parent or child as a factor contrary to the best interest of the child.... A probate and family court's finding, by a preponderance of the evidence, that a pattern or serious incident of abuse has occurred shall create a rebuttable presumption that it is not in the best interests of the child to be placed in ... shared legal custody ... with the abusive parent. Such presumption may be rebutted by a preponderance of the evidence that such custody award is in the best interests of the child.... If the court finds that a pattern or serious incident of abuse has occurred and issues a temporary or permanent custody order, the court shall within 90 days enter written findings of fact as to the effects of the abuse on the child, which findings demonstrate that such order is in the furtherance of the child's best interests and provides for the safety and well-being of the child. If ordering visitation to the abusive parent, the court shall provide for the safety and well-being of the child," and "may consider ... ordering visitation supervised by an appropriate third party." G. L. c. 208, § 31A.

We briefly address the wife's arguments relating to property division and college expenses. The wife complains the judge failed to make the required findings for property division under G. L. c. 208, § 34 ; however, the parties did not present evidence regarding the § 34 factors because the issue of property division was not contested. See Putnam v. Putnam, 7 Mass. App. Ct. 672, 674 (1979) ("[W]hen parties decline to offer evidence on [the § 34 ] factors, ... a trial judge cannot be required to consider all the factors"). Moreover, to the extent the wife claims error in the property division, we note the divorce judgment divided the marital estate in nearly the same manner as requested by the wife in her proposed judgment. See Box Pond Assn. v. Energy Facilities Siting Bd., 435 Mass. 408, 422 n.14 (2001) ("One who by his conduct induces the commission of some error by the trial court, or, in other words, who has invited error, is estopped from insisting that the action of the court is erroneous" [quotation omitted] ). We similarly reject the wife's claim that the judge erred in making a premature order for the payment of college expenses. See Rosen v. Rosen, 90 Mass. App. Ct. 677, 694 (2016). Because the wife, through her proposed judgment, invited the judge to make an order regarding college expenses, she is estopped from now claiming that such order was made in error. See Box Pond Assn. v. Energy Facilities Siting Bd., supra. With respect to the wife's other arguments not addressed herein, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).