NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1455

S.P.

vs.

S.A.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother, S.A.R., appeals from a divorce modification judgment that awarded the father, S.P., sole legal custody of the parties' minor child.  The mother contends that the judge erred by (1) finding a material change in circumstances that required, in the child's best interest, a modification of the divorce judgment; (2) reaching issues of legal custody, physical custody, and child support without providing notice to the mother; and (3) admitting into evidence a medical report, without limitation on its use.  We affirm.

Background.  We summarize the relevant facts as found by the judge after trial, supplementing them with undisputed facts in the record.  In 2016, the parties married, and their child

was born in 2017.  In November 2020, the child was diagnosed with global developmental delay and autism spectrum disorder requiring substantial support.  The child's physician recommended that the child receive fifteen to twenty hours of applied behavior analysis therapy (ABA therapy) weekly.[1]  In November 2021, the parties divorced.  The mother parented the child every week from Wednesday night to Friday before school, and every other weekend.  The father parented the child at all other times and had dinner with him on alternating Thursdays.  Under the judgment of divorce nisi, the father paid child support to the mother in the amount of $1,024 per week.  From March 2021 through September 2022, the child received five hours of ABA therapy weekly.  The child received ABA therapy less often than his physician had recommended, largely because the mother wanted the child to receive only five hours of ABA therapy per week, including only two hours per week while she had physical custody of the child.  When the child received only five hours of ABA therapy per week, he engaged in obsessive behavior that his ABA therapy was designed to address.

---

[1] ABA therapy teaches the child how to do daily activities, like using the bathroom and communicating both verbally and nonverbally.  ABA therapy also teaches the parents how to address the child's sensory overload and obsessive behavior.

At his school, the child's teachers used rewards, such as hugging and allowing the child to sit on a teacher's lap, to reinforce positive behaviors.  The mother objected to this type of positive reinforcement, and around May 2022, she directed the school to discontinue it.  The father approved of this method of positive reinforcement and observed that, after the discontinuation of these practices, the child regressed and frequently exhibited self-injurious behavior, including hitting his own head with his hands.

In May 2022, the father filed this complaint for modification of the divorce judgment.  The father alleged that the child's regression was caused by the mother's obstruction of the recommended amount of ABA treatment and her interference with school providers.  Accordingly, the father sought sole legal custody of the child as well as primary physical custody.  In October 2022, while the father's complaint was still pending, the child's five hours of weekly ABA therapy was discontinued due to staffing issues.  The child did not receive any in-home therapy until the father secured a new therapist approximately three weeks before the August 28, 2023 trial.  The new therapist provided the child fifteen hours of services per week when the father had weekend parenting time and nine hours per week on weeks when the mother had parenting time, as the mother wanted

3

to continue to limit in-home services to two hours during her parenting time.  Following trial, a modification judgment issued that (1) granted the father sole legal custody as it relates to educational and medical decisionmaking, (2) granted the father physical custody of the child from Monday afternoon until Friday morning and every other weekend, (3) granted the mother physical custody of the child every other weekend, and (4) ended the father's child support payments to the mother.

Discussion.  1.  Best interests of the child.  "[A] transfer of custody from one parent to another must be based on some material and substantial change in circumstances since the divorce," and "the change must be of sufficient magnitude to satisfy the governing principle, namely, whether the transfer is in the best interests of the child."  Hernandez v. Branciforte, 55 Mass. App. Ct. 212, 220 (2002).  "[T]he determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . must stand unless they are plainly wrong" (quotation and citation omitted).  Malachi M. v. Quintina Q., 483 Mass. 725, 740 (2019).  Despite the mother's assertions to the contrary, the judge did not err by finding that a material change in circumstances

4

occurred.[2]  The judge credited the father's and a behavior analyst's testimony that the child's behavior had worsened and that his school progress had declined.  The child's behavioral decline was a change in circumstance that coincided with fewer hours of ABA therapy than the child's physician recommended and a lack of physical positive reinforcement at school.

We conclude that the judge did not err by finding that the best interests of the child required a change in legal and physical custody.  The mother testified that she had never read the physician's report about the child's behavioral needs, rejected its recommendations in any event, and would not comply with ABA therapy beyond two hours per week.  The judge thus found that the mother's perception of the child's behavior was unreliable.  We disturb neither this finding nor the finding that "all of the credible evidence support[ed] the fact that [the] child need[ed] more services, specifically ABA therapy at home in addition to the skills he is taught at school."  See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015) ("the judge's assessment of the weight of the evidence and the

---

[2] In the November 2021 judgment of divorce nisi, another judge found that the mother's position that the child did not need fifteen to twenty hours per week of ABA therapy was not "unreasonable."  The mother argues that this finding precluded the litigation of issues related to ABA therapy hours at the modification trial.  Given the change of circumstances detailed here, the mother is incorrect.

5

credibility of the witnesses is entitled to deference" [citation omitted]).  We discern no abuse of discretion or other error in the judge's conclusion that it was in the child's best interests for the father to have sole legal custody as it related to educational and medical decisionmaking.  See E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020).  Finally, the judge did not err by granting the father physical custody of the child on weekdays and every other weekend in order for the child's educational and medical needs to be met.[3]

2.  <u>Notice of issues at trial</u>.  The mother contends that the judge abused her discretion by reaching issues of physical custody and child support without providing notice to the mother.[4]  We review a judge's decision to reach an issue not delineated in a pretrial order for an abuse of discretion.  See Cavanagh v. Cavanagh, 490 Mass. 398, 426-427 (2022).  "[O]nce the issues are defined in a pretrial order, they ought to be adhered to in the absence of some good and sufficient reason"

---

[3] The mother also asserts that the judge admitted the physician's report for the limited purpose of its effect on Rahman, but improperly allowed the father to use the report for a different purpose.  To the contrary, the judge properly admitted the physician's report, pursuant to the G. L. c. 233, § 79G exception to the hearsay rule, with no limitations on its use.

[4] The mother also contends that she did not have notice that legal custody would be an issue at trial.  Legal custody was listed as an issue in the trial scheduling order.

(quotation and citations omitted).  Id. at 426.  In evaluating the propriety of a judge's decision to reach issues not delineated in pretrial orders, "courts have consistently focused on the elements of surprise and unfairness."  Slade v. Slade, 43 Mass. App. Ct. 376, 378-379 (1997).

The trial scheduling order stated that the issue was "legal custody as it relates to the child's need for ABA therapy."  The judge concluded that, due to the mother's unequivocal testimony that she would not participate in the recommended ABA therapy, the best interests of the child required that the child reside with the father during the week while he receives services. That is, the child could only receive the recommended ABA therapy if the parenting plan were modified.  The judge thus provided a good and sufficient reason to address the issue of physical custody, as it was naturally related to the issue of legal custody regarding the child's need for ABA therapy. Contrast Cavanagh, 490 Mass. at 427 (judge exceeded scope of pretrial order where she reached issue not "naturally related to any of the issues that were enumerated").  In any event, even if the mother lacked adequate notice that physical custody was at issue, in the absence of a representation that she would be willing to allow the recommended ABA therapy while the child is in her physical custody, or proffer of some other basis for

concluding that the change in legal custody in order to provide the recommended ABA therapy would not necessitate a change in physical custody, she has not demonstrated any prejudice from that lack of notice. Because the father became the primary physical custodial parent, he was no longer required to pay child support to the mother.  See G. L. c. 208, § 28.

Modification judgment
 affirmed.

By the Court (Rubin, Hand & Brennan, JJ.[5]),

Clerk

Entered:  January 21, 2025.

---

[5] The panelists are listed in order of seniority.