NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-190                                            Appeals Court

KATHERINE DeMARCO  vs.  MICHAEL DeMARCO.

No. 16-P-190.

Suffolk.     April 5, 2016. - June 24, 2016.

Present:  Meade, Hanlon, & Blake, JJ.

Divorce and Separation, Relief from judgment, Separation
     agreement.  Statute, Retroactive application.  Contract,
     Modification.

     Complaint for divorce filed in the Suffolk Division of the
Probate and Family Court Department on November 18, 2008.

     A motion for relief from judgment and a complaint in
equity, both filed on August 7, 2015, were heard by John D.
Casey, J.

     Leave to prosecute an interlocutory appeal was allowed in
the Appeals Court by Blake, J.

     Michael P. Angelini for the husband.
     Elaine M. Epstein (Richard M. Novitch with her) for the
wife.
     David H. Lee & Holly A. Hinte, for Lee & Rivers, LLP,
amicus curiae, submitted a brief.

     BLAKE, J.  The husband, Michael DeMarco, and the wife,

Katherine DeMarco, reached a surviving settlement agreement

while trial was underway on their pending complaints for

modification of alimony under the Alimony Reform Act of 2011,
G. L. c. 208, §§ 34, 48-55 (act), and for contempt for
nonpayment of alimony.  The agreement provides for a lump sum
payment to the wife in exchange for a termination of the
husband's alimony obligation.  After the judgments entered
incorporating the settlement agreement, the Supreme Judicial
Court released its decision in Chin v. Merriot, 470 Mass. 527
(2015), and in two related cases,[1] wherein the court concluded
that the provision of the act relevant here is to apply
prospectively.  Thereafter, the wife filed a motion for relief
from the judgments, and a complaint in equity, asserting that
she was entitled to relief from the provisions of the settlement
agreement based on the recently released decisional law.  The
judge allowed the motion, and the husband sought, and obtained,
leave to file an interlocutory appeal.  We reverse.[2]

Background.  The parties were divorced in May, 2010.  The
alimony provision within their separation agreement (2010
agreement), which merged with the judgment of divorce, provided
that the husband was to pay alimony to the wife until the death
of either party, the wife's remarriage, or "[a]t such time as

---

[1] Rodman v. Rodman, 470 Mass. 539 (2015); Doktor v. Doktor, 470 Mass. 547 (2015).

[2] We acknowledge the amicus brief submitted by Lee & Rivers, LLP.

the Husband has no gross earned income, after turning age 68."
In 2011, the Legislature enacted the act, see St. 2011, c. 124,
which took effect on March 1, 2012.  See St. 2011, c. 124, § 7.
The retirement provision of the act, G. L. c. 208, § 49(f),
inserted by St. 2011, c. 124, § 3, provides that "general term
alimony orders shall terminate upon the payor attaining the full
retirement age."[3]  In 2012, the husband ceased making full
alimony payments, and, on February 19, 2013, the wife filed a
complaint for contempt for nonpayment of alimony.  Nine days
later, the husband filed an amended complaint for modification,
seeking termination of his alimony obligation based on his
attainment in December, 2012, of the full retirement age under
the act.[4]

The complaints were consolidated for trial on February 19,
2014.  The attorneys' arguments, and their discussions with the
judge at that point, indicate that the attorneys as well as the
judge operated under the assumption that the retirement age
provision of the act applied retroactively to alimony judgments
entered prior to March 1, 2012, the effective date of the act,

---

[3] Full retirement age is defined by G. L. c. 208, § 48,
inserted by St. 2011, c. 124, § 3, as "the payor's normal
retirement age to be eligible to receive full retirement
benefits under the United States Old Age, Survivors, and
Disability Insurance Program."

[4] The husband filed his original complaint for modification
of his alimony obligation on March 1, 2012.

such that, under the facts of this case, the husband would be entitled to cease making alimony payments because he had reached the full retirement age. The wife's attorney nevertheless argued, based on the length of the marriage and the short period of time that the wife had been receiving support, that the judge had discretion for good cause to extend alimony past the husband's retirement age. Against that backdrop, and with the consent of their experienced domestic relations counsel, the judge addressed the parties on the benefits of settling their case. He acknowledged that the interpretation of the act remained unsettled and was the subject of significant debate among the members of the bench. The judge also articulated his concern that if the case was tried to judgment, the result to the wife could be harsh. Finally, he suggested that the parties consider the amount of legal fees paid, the emotional costs to each of them, the potential of an appeal, and the benefit of finality.

Heeding the judge's advice, the husband and wife reached a settlement agreement (2014 agreement) during a break on the first day of trial. In a colloquy under oath the parties affirmed to the judge that: (1) they had read and understood the terms of the 2014 agreement, which provided for a lump sum payment to the wife and the termination of the husband's alimony obligation; (2) they entered into the 2014 agreement freely and

voluntarily; and (3) they understood that the 2014 agreement "is intended to survive, [and] if it's approved by the Court, it's almost impossible to change."  Accepting the parties' testimony, the judge ordered that as to each complaint judgment was to enter incorporating the 2014 agreement.  The judgments entered on February 20, 2014.

On January 30, 2015, the Supreme Judicial Court issued a trilogy of cases holding, in direct contradiction to the presumption of the parties and the judge here, that the retirement provision of the act applies prospectively, and does not apply to cases where alimony judgments entered prior to March 1, 2012, the effective date of the act.  See Chin v. Merriot, 470 Mass. 527 (2015); Rodman v. Rodman, 470 Mass. 539 (2015); Doktor v. Doktor, 470 Mass. 547 (2015).

Contending that the judge and both counsel had "relied on a mistake of law" in crafting and approving the 2014 agreement, on August 7, 2015, the wife filed a motion for relief from the judgments pursuant to Mass.R.Dom.Rel.P. 60(b)(5) and (6),[5] and a complaint in equity, seeking reinstatement of the alimony provision within the parties' 2010 agreement.  The judge consolidated both the motion and the equity complaint, and, by

_____

[5] "The text of Mass.R.Dom.Rel.P. 60(b) is the same as that of Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).  We may, therefore, look to the cases under the civil procedure rule and the parallel Federal rule."  Freitas v. Freitas, 26 Mass. App. Ct. 196, 197 n.1 (1988).

order dated November 24, 2015, allowed the wife's motion on the ground that the "Wife's reliance on the Court's incorrect interpretation of the Alimony Reform Act[] to her serious detriment," constituted an "extraordinary circumstance" warranting relief under rule 60(b)(6).[6]  In his memorandum of decision and order, the judge also found that the wife was entitled to relief from the judgments pursuant to the Probate and Family Court's broad equitable powers, "in order to correct what has been wrongfully done."  The husband filed a petition pursuant to G. L. c. 231, § 118, with this court, seeking leave to pursue an interlocutory appeal of the November 24, 2015, order.  A single justice stayed the order and granted leave to the husband to pursue an expedited appeal.

Discussion.  "Rule 60 [of the Massachusetts Rules of Domestic Relations Procedure] sets forth a comprehensive framework for obtaining relief from a final judgment or order, balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts."  Sahin v. Sahin, 435 Mass. 396, 399-400 (2001).  Subdivision (b)(6) of the rule is a catchall provision, applicable when subdivisions

_____

[6] In his memorandum of decision and order, the judge, finding no change in the law, determined that rule 60(b)(5) was inapplicable in this case.  In relevant part, rule 60(b)(5) allows a judge to relieve a party from a final judgment if "it is no longer equitable that the judgment should have prospective application."

(b)(1) through (b)(5) do not apply, that allows relief from judgment for "any other reason justifying relief from the operation of the judgment."  See Parrell v. Keenan, 389 Mass. 809, 814 (1983); Freitas v. Freitas, 26 Mass. App. Ct. 196, 197 (1988).  Rule 60(b)(6) has an "extremely meagre scope" and requires the showing of "compelling or extraordinary circumstances."  Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 (1990), quoting from Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983).  Extraordinary circumstances may include evidence of actual fraud, a genuine lack of consent, or a newly-emergent material issue.  See Thibbitts v. Crowley, 405 Mass. 222, 226-228 (1989).  A judge's ruling on a rule 60(b)(6) motion "will not be reversed on appeal in the absence of an abuse of discretion."  Rezendes v. Rezendes, 46 Mass. App. Ct. 438, 441 (1999).[7,8]

---

[7] Although the wife's motion was labelled as being brought pursuant to rule 60(b)(5) and (6), she failed to make any specific argument, supported by facts or law, as to the applicability of rule 60(b)(5) to her claim.  We therefore analyze the wife's claim under rule 60(b)(6).  We note, however, that the wife could have considered filing a complaint seeking the equitable remedy of rescission of the 2014 agreement.  Although the wife did file a complaint in equity, that complaint is not included in the record before this court.  Even if the wife had filed a complaint for rescission, the outcome would be the same because the 2014 agreement is a contract to which there was no mutual mistake of fact or fraud entitling her to relief.  See Ward v. Ward, 70 Mass. App. Ct. 366, 369-370 & n.6 (2007) ("contracts . . . may only be rescinded or reformed because of mistake if the mistake is mutual to the parties").  "The parties are bound by the legal effect of what has really been agreed on,

1. <u>Clarification of the law</u>. The husband argues that a "subsequent clarification of the law" is not the type of extraordinary circumstance intended to be relieved by the application of rule 60(b)(6). We agree.

In <u>Smith</u> v. <u>Arbella Mut. Ins. Co</u>., 49 Mass. App. Ct. 53 (2000), this court affirmed the well-settled principle that "[c]hanges in decisional law alone are held not to be extraordinary circumstances and do not justify the reopening of a final judgment." <u>Id</u>., at 55-56, and cases cited. We see no reason to treat decisional law interpreting recently enacted legislation differently. Here, in contrast to the parties in <u>Chin</u> v. <u>Merriot</u> and <u>Doktor</u> v. <u>Doktor</u>, the wife chose to settle her case rather than trying it to completion and filing an appeal. <u>Smith</u> v. <u>Arbella Mut. Ins. Co</u>., <u>supra</u> at 56, makes clear that for reasons of finality a rule 60(b)(6) motion is not a substitute for an appeal. See <u>Bromfield</u> v. <u>Commonwealth</u>, 400

and cannot have the [contract] set aside on the ground that they did not fully understand the legal effect of the language used, and that certain legal consequences which were not anticipated by the [parties] flowed from its execution." <u>Id</u>. at 370.

[8] The husband argues that the wife's motion actually seeks relief pursuant to rule 60(b)(1), with its one year time limit, because the wife's claim is really one of "mistake" about the proper interpretation of the act. See <u>Roberts</u> v. <u>Worcester Redev. Authy</u>., 53 Mass. App. Ct. 454, 461 (2001). Since the wife failed to file her motion within one year of entry of the judgments as required by that rule, we need not address the husband's argument. In any event, rule 60(b)(1) is inapplicable here as there was no "mistake" of law.

Mass. 254, 257-258 (1987); Freitas v. Freitas, supra at 198 (because of the importance of finality, "the rule should not be used as an instrument for relief from deliberate choices which did not work out"). Alternatively, the wife could have asked the judge to reserve and report the question to the Appeals Court pursuant to G. L. c. 215, § 13.[9] The wife had a myriad of options available to her, all with their own advantages and disadvantages. By choosing to settle, she also chose the finality of judgment, which may not be undone through a rule 60(b)(6) motion on the facts present here. The wife's motion for relief from judgment should have been denied.

2. Surviving agreements. As an additional basis for relief on appeal, the husband argues that the wife cannot prevail on her rule 60(b)(6) motion because the terms of the 2014 agreement provide that it "shall survive and remain an independent contract that is non-modifiable." This argument was not raised below and is accordingly waived. Nevertheless, in the exercise of our discretion, we comment on this important issue that continues to arise in the Probate and Family Court.

Our decisional law has long permitted and encouraged divorcing parties to enter into written separation agreements

_____

[9] We note that the uncertainty expressed by the judge also could have been resolved by his reservation and report of the issue, as was the situation in Rodman v. Rodman, 470 Mass. at 540.

that they may elect to have survive the divorce judgment as independent contracts. Krapf v. Krapf, 439 Mass. 97, 103 (2003). See Moore v. Moore, 389 Mass. 21, 24 (1983) (Commonwealth has a "strong policy . . . favor[ing] survival of separation agreements, even when such an intent of the parties is merely implied"). "Such surviving separation agreements may secure with finality the parties' respective rights and obligations concerning the division of marital assets, among other things, according to established contract principles." Krapf v. Krapf, supra. See DeCristofaro v. DeCristofaro, 24 Mass. App. Ct. 231, 235-237 (1987); Larson v. Larson, 37 Mass. App. Ct. 106, 108-109 (1994). This policy, and the common law supporting it, remain unchanged under the act. See St. 2011, c. 124, § 4(c) ("Under no circumstances shall said sections 48 to 55, inclusive, of said chapter 208 provide a right to seek or receive modification of an existing alimony judgment in which the parties have agreed that their alimony judgment is not modifiable, or in which the parties have expressed their intention that their agreed alimony provisions survive the judgment and therefore are not modifiable"); Lalchandani v. Roddy, 86 Mass. App. Ct. 819, 822-823 (2015).

While Probate and Family Court judges enjoy considerable discretion, that discretion does not extend to vitiating a contract that was negotiated at arm's length and entered into

freely and voluntarily.  In the absence of fraud, coercion, or countervailing equities,[10] a signatory to an agreement is bound by its terms.  Knox v. Remick, 371 Mass. 433, 436-437 (1976).  Grindlinger v. Grindlinger, 10 Mass. App. Ct. 823, 824 (1980).  To hold otherwise would negate the integrity and inviolability of the innumerable surviving agreements relied upon by parties across the Commonwealth.  We can never know all of the considerations of parties who elect to resolve their cases in this manner, nor does the record reflect such considerations here.  However, to allow an agreement such as the one here to be unwound based on one party's subsequent determination that she would have fared better if she had tried the case to completion, would deprive the other party of the certainty and finality for which he bargained.

3.  Conclusion.  The order dated November 24, 2015, allowing the motion for relief from the judgments is reversed.  The judgments entered February 20, 2014, are reinstated.[11]

So ordered.

---

[10] None of those theories were alleged by the wife in this case.

[11] Neither party is awarded appellate attorney's fees or double costs.