The former husband appeals from a judgment of the Probate and Family Court dismissing his amended complaint to reduce or terminate his alimony obligation to his former wife. The husband claims error in the failure of the judge to find a material change of circumstances. We affirm.
Background. The parties were married for nearly thirty-seven years and had one child together (now an adult). The parties' original separation agreement, incorporated in the divorce judgment of May 2, 2005, obligated the husband to pay $700 per week in alimony, and provided that the amount would be reviewed upon a material change of circumstances and that alimony "shall terminate upon the death of either party or [w]ife's remarriage." On January 24, 2011, the husband filed a complaint for modification. On October 25, 2011, judgment entered, reducing the husband's alimony obligation by one-half, to $350 per week.
On June 25, 2014, the husband filed a second complaint for modification. On March 6, 2015, the husband filed the present amended complaint, asserting that the wife was eligible for spousal Social Security benefits and that she was eligible for a pension from her former employer, and seeking to reduce his alimony obligation. After a trial, the judge concluded that the husband did not meet his burden of showing a material change of circumstances, and dismissed the amended complaint.
Discussion. Because the divorce judgment that established the alimony obligation issued in 2005, prior to the effective date of the Alimony Reform Act of 2011 (act), G. L. c. 208, §§ 48 - 55, we apply "the standards for modification existing at the time the judgment entered." Rosenwasser v. Rosenwasser, 89 Mass. App. Ct. 577, 590 n.11 (2016), quoting from Chin v. Merriot, 470 Mass. 527, 535 (2015). Where, as here, "parties to a divorce negotiate an agreement for alimony that is 'incorporated and merged into' a judgment of divorce, 'the judgment ... is subject to modification based on a material change in circumstances.' " Rosenwasser, supra at 590, quoting from Chin, supra at 534-535.
"To be successful in an action to modify a judgment for alimony ..., the petitioner must demonstrate a material change of circumstances since the entry of the earlier judgment." Greenberg v. Greenberg, 68 Mass. App. Ct. 344, 347 (2007), quoting from Schuler v. Schuler, 382 Mass. 366, 368 (1981). The husband did not include the judge's memorandum that accompanied the 2011 modification judgment, leaving us without that judge's findings.[2] See Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995).[3] Considering his appeal on the record before us, we conclude that it has no merit.
"[I]n fashioning an appropriate modification judgment, the probate judge enjoys considerable discretion, and the judgment will not be reversed unless it is 'plainly wrong.' " Cooper v. Cooper, 62 Mass. App. Ct. 130, 134 (2004), quoting from Schuler, supra. "[T]he statutory authority of a court to award alimony continues to be grounded in the recipient spouse's need for support and the supporting spouse's ability to pay." Rosenwasser, supra, quoting from Pierce v. Pierce, 455 Mass. 286, 295-296 (2009).
The judge considered all of the parties' financial circumstances. At the time of trial, the husband was sixty-eight years old and the wife was sixty-seven. The husband is a self-employed certified public accountant, who has been the owner of McCarthy and Company, Inc. for the last thirty years. Since the 2011 modification judgment, he has increased his work hours. His income increased by $568 a week. He became eligible for full Social Security benefits in January of 2013. At the time of trial his monthly Social Security benefit was $1,571.90. His expenses decreased by $264 a week from the time the 2011 judgment entered. His assets increased by over $179,000 and his liabilities decreased by more than $7,000. The wife has worked for the town of North Andover as a teaching assistant for the last fifteen or sixteen years. Her job does not include any summer hours. Since 2014, her income has increased by $257 a week by virtue of the spousal Social Security benefit. Her expenses increased by $225 a week. Her assets increased by $16,000 and her liabilities increased by $9,000.
In deciding whether there was a material change in circumstances, the judge considered not only the wife's increased income from the spousal Social Security benefit, but also her increased expenses and her continued need as well as the husband's increased income and decreased expenses.[4] See Schuler, supra at 370 ("In determining whether to modify ... [an] alimony order, a probate judge must weigh all relevant circumstances"). See also Katz v. Katz, 55 Mass. App. Ct. 472, 478 (2002), quoting from Gottsegen v. Gottsegen, 397 Mass. 617, 623 (1986) (judge must keep in mind that "the fundamental purpose of alimony [is] to provide economic support to the dependent spouse"). We discern no error in the judge's conclusion that, considered in context, the receipt of spousal Social Security benefits did not constitute a material change in circumstances that warranted a decrease in alimony payments.
The husband also argues that he should be entitled to a reduction in his alimony obligation because the wife does not work during the summers. The judge found, however, that the wife did not work during summers prior to the 2011 modification judgment. Therefore, the fact that the wife did not work during the summer of 2015 did not constitute a material change of circumstances.
The husband also contends, without citation to authority, that "some credit must be given" to him for allowing the parties' adult daughter and granddaughter to live with him rent free. Absent relevant authority, we need not consider his assertion. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
Likewise without merit is the husband's challenge to the accuracy of the judge's findings concerning the wife's increase in expenses. A trial judge's factual determinations are not disturbed on appeal unless it is demonstrated that they are "plainly wrong." Clark v. Clark, 47 Mass. App. Ct. 737, 739 (1999), citing Heinrich v. Silvernail, 23 Mass. App. Ct. 218, 223 (1986) ( "[T]he weight and credibility of the evidence lie within the province of the trial judge," and "[o]ur task on appeal is limited solely to determining whether the judge's findings were plainly wrong"). The judge accordingly was entitled to credit the wife's testimony concerning her expenses, and the husband has not otherwise demonstrated that this finding was a plain error.
The husband's assertion that he is entitled to termination of alimony because he reached full retirement age pursuant to G. L. c. 208, § 48, ignores the fact that "the retirement provision of the act applies prospectively, and does not apply to cases where alimony judgments entered prior to March 1, 2012, the effective date of the act." DeMarco v. DeMarco, 89 Mass. App. Ct. 618, 620 (2016). See Chin, 470 Mass. at 529, 534-537.
Finally, citing Cohen v. Murphy, 368 Mass. 144, 146 (1975), the husband argues that the wife's spousal Social Security benefits should be deducted directly from his alimony obligation. The cited case does not support his claim. While the judge considered the wife's increased income based on her receipt of the spousal Social Security benefit, she also considered the other factors discussed above bearing on the parties' respective financial positions.[5]
Judgment affirmed.

The judge who issued the 2011 modification judgment was the same judge who issued the 2016 modification judgment.

The husband also did not include a list of trial exhibits in the record appendix.

The judge found that "[w]hile [p]laintiff is correct that [d]efendant's income has increased due to the [S]ocial [S]ecurity that she is receiving, [p]laintiff's financial circumstances have also improved since 2011. Further, [d]efendant has demonstrated a need for support in that she cannot meet her expenses without the current support from [p]laintiff.... In consideration of all of the parties' financial circumstances, the [c]ourt finds that [p]laintiff has not demonstrated a material change in circumstances warranting a modification of alimony."

In the exercise of our discretion, we decline the wife's request for an award of her appellate attorney's fees.