CUNNINGHAM vs. THOMAS, 102 Mass. App. Ct. 135

 
 JANE E. CUNNINGHAM vs. JERRY E. THOMAS.

102 Mass. App. Ct. 135
 September 8, 2022 - January 12, 2023

Court Below: Probate and Family Court, Middlesex Division
Present: Rubin, Henry, & Walsh, JJ.

 

No. 21-P-956.

Divorce and Separation, Modification of judgment, Relief from judgment, Alimony, Child support, Discovery, Findings. Practice, Civil, Discovery, Continuance. Due Process of Law, Notice.

At a trial concerning the enforcement of a provision of a judgment of divorce, the Probate and Family Court judge's order allowing the husband's motion for relief from judgment to add a new, unrelated issue for trial, while denying the wife's reasonable requests for a continuance and discovery on that new issue, deprived the wife of due process insofar as she did not receive adequate notice and the opportunity to be heard at a meaningful time and in a meaningful manner. [140-145]

Discussion of issues that may arise on the filing of a complaint for modification concerning the fact-specific analysis of the family's circumstances. [145-147]

Complaint for divorce filed in the Middlesex Division of the Probate and Family Court Department on March 21, 2013.

 A complaint for modification, filed on December 27, 2018, was heard by Terri L. Klug Cafazzo, J.

 Alexander H. Loomis for the wife.

 Robert G. Clark for the husband.

 HENRY, J. The parties, Jane E. Cunningham (wife) and Jerry E. Thomas (husband), were divorced in 2017, at which time they were ordered to list the marital home for sale and the husband was ordered to pay unallocated support of $6,000 per month for the wife and the parties' three children. Postdivorce litigation ensued. The parties' cross complaints for modification were resolved by stipulation, and litigation continued concerning enforcement of a provision of the judgment of divorce nisi dated January 20, 2017 (divorce judgment), regarding the sale of the marital home. On the day of trial on the marital home issue, a judge of the Probate and Family Court allowed the husband to add a new, unrelated issue for trial: a request for downward modification of the 

 Page 136 

husband's unallocated support obligation based on a new alleged change in his financial circumstances. The judge denied the wife's requests for a continuance on the husband's new modification request and discovery on the issue of the husband's newly alleged change in financial circumstances. The judge thereafter issued a modification judgment reducing the amount of support (from $6,000 to $4,290 per month) and recharacterizing it as "spousal support" and eliminating the husband's obligation to support the parties' unemancipated children without making any findings regarding the needs of the wife and the unemancipated children. We conclude that the judge's failure to provide the wife with adequate notice of the trial, coupled with the judge's denial of the wife's requests for a continuance and discovery, amounted to a deprivation of due process resulting in prejudice to the wife. Accordingly, we vacate the modification judgment and remand for limited proceedings consistent with this opinion.

 Background. Pursuant to the divorce judgment, (1) the wife received primary physical custody of the two minor children (the parties' third, and eldest, child was over eighteen by that time, still living with the wife, and not yet emancipated); (2) the husband was ordered to pay unallocated support of $6,000 per month (with the ability to seek a reduction in his support obligation upon the emancipation of each child); [Note 1] and (3) the parties were ordered to list the marital home for sale by April 1, 2017 (unless they agreed to a different date in writing), with the net proceeds to be divided equally between them, subject to certain offsets.

 In December 2018, the wife filed a complaint for modification requesting increased support (among other things), on the basis that, since the divorce judgment, (1) the husband had failed to exercise any parenting time, resulting in her "having to care for and financially provide for the minor children at all times"; and (2) her expenses and those of the minor children had increased, requiring "additional financial support to meet the day to day needs of herself and the minor children." In or around March 2019, the husband filed an answer and counterclaim for modification requesting (1) a reduction in his support obligation on the grounds that his "income ha[d] declined slightly" and the current unallocated support order "substantially" exceeded the presumptive 

 Page 137 

amount of child support required by the Child Support Guidelines (June 2018); [Note 2] and (2) permission to access the former marital home (where the wife and the children were still living) and list it for sale.

 On January 30, 2020, the parties executed a stipulation providing, in relevant part, that the divorce judgment "shall be modified as follows . . . . For so long as the [husband] owes a support obligation to the [wife], he shall satisfy his obligation in equal payments on the [first] and [fifteenth] day of each month. All prior orders not inconsistent with the terms of this stipulation shall remain in full force and effect." On the same day, the parties appeared for a pretrial conference and a judge issued (1) a "partial modification judgment" that incorporated the parties' stipulation and provided that "[a]ll other judgments not inconsistent herewith remain in full force and effect"; and (2) a "trial scheduling order" (pretrial order), requiring them to appear for a two-hour trial on April 1, 2020. The pretrial order listed as the sole contested issue for trial the "sale of [the] marital home." 

 The trial was subsequently rescheduled to October 23, 2020, because of the COVID-19 pandemic. At a settlement conference on September 22, 2020, the wife appeared pro se and the husband was represented by counsel. The judge stated that the wife's complaint for modification and the husband's counterclaim for modification "went to partial judgment," leaving the "the sale of the marital home" as "the only issue" for trial. The husband's counsel responded, "That was correct at the time of [the January 30, 2020] stipulation . . . , however, . . . as of September 1st, [the husband] has been laid off, so . . . we should also address it." The judge responded, "But that part already went to partial judgment, so . . . technically, procedurally, it should be a [c]omplaint for [m]odification." When the wife sought clarification, the judge reiterated that the husband would "have to file a [c]omplaint for [m]odification . . . . It already went to partial judgment. I can't vacate that judgment . . . ." After some back and forth between the judge and the wife regarding the status of the parties' attempts to settle the marital home issue, the judge stated she did not believe the wife about her efforts to refinance the marital home. The judge then informed the parties that she had changed her mind about the support modification issue and would "entertain" a 

 Page 138 

motion to vacate the partial judgment rather than require the husband to file a complaint for modification. The wife then asked to have her request for modification "reinstated," to which the judge replied, "No. Denied." The judge continued, "I didn't say I was going to allow it, but I'd entertain a [m]otion" by the husband because "[t]here's been a change of circumstances if he's lost his job." The wife then asked to reopen discovery, which the judge denied. The wife replied, "I have reason -- if he's talking about changing support, I have reason to believe he has made a lot more money than he's been reporting," to which the judge replied, "Denied, because he has to file an updated [f]inancial [s]tatement, . . . and that would be sufficient to show what his current income is. I'm not delaying this any further, ma'am . . . . You're more than welcome to cross-examine him on the day of the hearing." The wife then asked, "And he does not have to file a normal modification for that and wait?" The judge replied, "No, because the case is still open. It's only a partial judgment and he has time to modify . . . the [j]udgment. That's procedurally correct." 

 On or about September 26, 2020, the husband filed a motion for partial relief from judgment pursuant to Mass. R. Dom. Rel. P. 60(b)(6) (rule 60[b][6]), [Note 3] requesting that the January 30, 2020 partial judgment incorporating the parties' stipulation be vacated in part "so as to permit the [husband] to proceed at trial on his counterclaim for modification of support." The husband alleged the following "material . . . changes in circumstances" in support of his rule 60(b)(6) motion: (1) he was laid off from his job on September 1, 2020; and (2) the parties' eldest child had been emancipated for over one year as of September 22, 2020. 

 On October 23, 2020, both parties appeared with counsel for the scheduled trial on the marital home issue. At the start of the hearing, the judge allowed, as a "housekeeping" matter, the husband's rule 60(b)(6) motion, after which the husband's counsel informed the judge that the husband had just accepted a new job with an annual salary of $170,000. The husband's counsel 

 Page 139 

stated that the husband still was seeking a reduction in support, because his new salary was approximately $30,000 less than what he was earning at the time of the divorce and because the eldest child was emancipated. The wife, now represented by counsel, responded that she opposed the husband's request for modification, in part because the existing unallocated support order of $6,000 per month was already inadequate to meet the present needs of the wife and the children. The parties then informed the judge that the issue of sale of the marital home was moot because the wife had refinanced the mortgage on the marital home in exchange for the husband signing over the deed to her. The judge then announced that they would immediately proceed to trial that day on the husband's request for a downward modification of support. The wife's counsel asked to continue the matter; the judge refused. The parties thereafter agreed to proceed by way of written submissions pursuant to Mass. R. Dom. Rel. P. 78. [Note 4] 

 On November 2, 2020, the husband filed a "brief in support of entry of judgment," in which he requested a downward modification of his unallocated support obligation to $4,250 per month, based on the following material changes in circumstances: (1) his alleged decrease in annual income from $200,000 to $170,000; (2) the eldest child's emancipation in 2019; and (3) his agreement to waive his share of the marital home equity in exchange for the wife refinancing the mortgage. [Note 5] 

 In her response, the wife renewed her request that the husband be required to file a new complaint for modification based on his new asserted grounds for modification of support or, at minimum, that the wife be allowed to conduct discovery regarding the husband's income at his new job. The wife also argued that a reduction in support was not warranted because, notwithstanding the slight alleged decrease in the husband's income, her financial situation had worsened since the divorce, in part because of "her 

 Page 140 

and the children's increased medical needs" (which included one child's treatment for a rare form of cancer), [Note 6] and because her mortgage payments had increased and her home was in "extreme disrepair" (requiring, among other things, "roof restoration, mold remediation, and major septic tank maintenance"). The wife asserted that the husband had failed to provide sufficient documentation to verify the income reported on his financial statement, and again requested that the judge allow discovery before holding an evidentiary hearing on that issue. [Note 7] 

 On February 15, 2021, the judge issued the modification judgment, recharacterizing the husband's unallocated support obligation as "spousal support," and reducing the amount from $6,000 to $4,290 per month (with the reduction retroactive to October 23, 2020). The present appeal by the wife followed. 

 Discussion. 1. Rule 60(b)(6) relief. Rule 60(b)(6) "is a catchall provision, applicable when subdivisions (b)(1) through (b)(5) do not apply, that allows relief from judgment for 'any other reason justifying relief from the operation of the judgment.'" DeMarco v. DeMarco, 89 Mass. App. Ct. 618, 621 (2016), quoting Mass. R. Dom. Rel. P. 60(b)(6). "Rule 60(b)(6) has an 'extremely meagre scope' and requires the showing of 'compelling or extraordinary circumstances'" (citation omitted). DeMarco, supra. [Note 8] We review a judge's ruling on a rule 60(b)(6) motion for an abuse of discretion. Id. at 622. 

 The wife contends that the judge abused her discretion in allowing the husband's rule 60(b)(6) motion because it was not based on a showing of "compelling or extraordinary circumstances" (citation omitted), DeMarco, 89 Mass. App. Ct. at 621; rather, it was based on a material change in circumstances occurring after the entry of the January 2020 partial judgment (i.e., the husband's loss of employment in September 2020), thus requiring 

 Page 141 

him to file a new complaint for modification. The wife further contends that it was improper for the judge to deny her requests for discovery and a continuance where the judge allowed the husband's rule 60(b)(6) motion and ordered an immediate trial without any advance notice that the husband's request for modification of support would be tried that day. The husband, however, maintains that the judge properly allowed him to immediately proceed with his modification request at trial because "the record does not indicate that the court had disposed of [his counterclaim for modification of support] prior to the September 22 [settlement] conference." The husband further maintains that, even if his counterclaim had been previously disposed of, allowing him to pursue a new request for modification was merely a "procedural expedient" that did not prejudice the wife. For the reasons that follow, we disagree with the husband and agree with the wife. 

 On January 30, 2020, the day of the pretrial conference, the judge issued not only the partial judgment incorporating the parties' stipulation, but also the pretrial order identifying as the sole contested issue for trial the sale of the marital home. See Mass. R. Dom. Rel. P. 16 (after pretrial conference, "[t]he court shall make an order . . . which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice"). Accordingly, the pretrial order effectively disposed of the husband's counterclaim for modification of support. See Cavanagh v. Cavanagh, 490 Mass. 398, 426 (2022), quoting Slade v. Slade, 43 Mass. App. Ct. 376, 378 (1997) ("[O]nce the issues are defined in a final pretrial order, 'they ought to be adhered to in the absence of some good and sufficient reason'"). Moreover, at the September 22, 2020 settlement conference, the judge and both parties expressed their understanding that the husband's counterclaim had been disposed of as a result of the proceedings on January 30, 2020. See Slade, supra at 378 n.3, citing Donnelly v. Larkin, 327 Mass. 287, 295 (1951) ("parties are bound by agreements and admissions made at pretrial conference"). Accordingly, contrary to the husband's assertion, the record clearly demonstrates that his counterclaim for modification of support was "waived" as of January 30, 2020. See Slade, supra at 378, quoting Roland M. v. Concord Sch. Comm., 910 F.2d 983, 999 (1st Cir. 1990), cert. denied, 499 U.S. 912 (1991) ("any 'issues not included in the . . . 

 Page 142 

[pretrial] order are waived'"). [Note 9] 

 It was error for the judge to allow the husband's rule 60(b)(6) motion for relief from the January 2020 partial judgment. Where, as here, "the basis of the [husband's] motion [was], in reality, an allegation of a material change of circumstances," the judge should have "view[ed] the subject as one for a new complaint for modification rather than a postjudgment motion" for relief under rule 60(b)(6). [Note 10] Ulin v. Polansky, 83 Mass. App. Ct. 303, 308 (2013). Compare Emery v. Sturtevant, 91 Mass. App. Ct. 502, 505, 512-513 (2017) (support payor's loss of income, occurring after entry of divorce judgment, constituted material change in circumstances supporting complaint for modification), with DeMarco, 89 Mass. App. Ct. at 622-623 (holding that changes in law, occurring after judgment incorporating parties' settlement, did not constitute extraordinary circumstances warranting relief under rule 60[b][6]). [Note 11] 

 To the extent that the judge's allowance of the husband's rule 60(b)(6) motion could be viewed as a modification of the pretrial order by adding a new issue on the day of trial, in evaluating the propriety of such a modification, "courts have consistently focused on the elements of surprise and unfairness." 

 Page 143 

Slade, 43 Mass. App. Ct. at 379. See Mass. R. Dom. Rel. P. 16 (pretrial order may only be "modified at the trial to prevent manifest injustice"). See also Roland M., 910 F.2d at 999 (when litigant seeks to bring new issue, "the reasons for changing the syllabus and whether prejudice may result are factors which inform the [trial] court's discretion"). The general rule requiring strict adherence to a final pretrial order is to avoid, among other things, "the possibility that a party may be effectively foreclosed from presenting any evidence on the very issue that [turns out to be] dispositive of the case" (quotation and citation omitted). Slade, supra. The husband contends that, even if the judge's decision to allow him to proceed with a new request for modification on the day of trial was "unorthodox," the wife suffered no prejudice. We disagree. 

 Because the husband's request for modification was based on a new, alleged change in his financial circumstances, "in order [for the judge] to consider the relief sought, new evidence would have to be heard." Ulin, 83 Mass. App. Ct. at 308. The judge, however, denied the wife's request for discovery regarding the husband's new financial circumstances. Although judges have broad discretion when issuing discovery protective orders, refusing to permit the wife any discovery regarding the husband's newly changed financial circumstances (without any apparent "good cause" for making such a ruling) was an abuse of discretion. Merles v. Lerner, 391 Mass. 221, 226 (1984). See Mass. R. Dom. Rel. P. 26(c). 

 It was likewise an abuse of discretion to deny the wife's request for a continuance. See E.H. v. S.H., 59 Mass. App. Ct. 593, 597 (2003) (denial of request for continuance reviewed for abuse of discretion). On the day that the parties appeared for trial on the unrelated marital home issue, [Note 12] the judge allowed the husband's rule 60(b)(6) motion and announced that the husband's new request for modification of support would proceed to trial that day. The wife requested a continuance, which the judge denied. The denial came despite the fact that the wife did not know until 

 Page 144 

that day that the husband's new request for modification of support would be heard and she did not have an opportunity to conduct discovery and prepare evidence on the issue. [Note 13] Where, as here, a judge's decision to modify the pretrial order on the day of trial substantially hampered a party's ability to present evidence on a material issue, that party was "almost certainly prejudiced." Slade, 43 Mass. App. Ct. at 379. See E.H., supra at 598 (where wife requested continuance of trial in part because of "gaps in the [financial] information provided by the husband in the pretrial proceedings," judge's refusal to grant continuance "resulted in unfair prejudice to the wife"). See also Cavanagh, 490 Mass. at 427 ("no 'good and sufficient reason' warranting a departure from the pretrial order" where "issue was neither enumerated in the final pretrial order nor naturally related to any of the issues that were enumerated"); Roland M., 910 F.2d at 999 (affirming denial of plaintiff's request to modify pretrial order where defendant would have been prejudiced by addition of new issue). That the parties later agreed to file written submissions in lieu of proceeding to trial did not cure the underlying prejudice to the wife, as she again requested an opportunity for discovery, followed by a trial, which requests the judge implicitly denied by entering the modification judgment in the husband's favor. 

 "Whether a case shall be continued or proceed to trial is within the sound discretion of the judge," Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984); however, the parties must receive adequate notice of the trial to satisfy the requirements of due process, see Young v. Young, 478 Mass. 1, 9 (2017), quoting Stanton-Abbott v. Stanton-Abbott, 372 Mass. 814, 815-816 (1977) ("We do not consider every change in the amount of payment under such an alimony order to be a modification of the judgment, which we recognize would require a showing 'by the party favorably affected that conditions [have] changed justifying the modification, and . . . procedural due process for the party adversely affected'"); Adoption of Zev, 73 Mass. App. Ct. 905, 906 (2009). Here, the judge's decision to add a new issue on the day of trial, while denying the wife's reasonable requests for a continuance and discovery on that new issue, deprived the wife of 

 Page 145 

due process insofar as she did not receive adequate "notice and the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Matter of Angela, 445 Mass. 55, 62 (2005), quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965). Accordingly, the modification judgment must be vacated. See Adoption of Patty, 489 Mass. 630, 637 (2022) ("Where a judgment is void for failure to conform to the requirements of due process of law, we must vacate it"). 

 2. Modification. Given our resolution of the rule 60(b)(6) issue, we need not decide the merits of the wife's contention that the judge abused her discretion in reducing the amount of the husband's support obligation. We nevertheless touch upon certain areas of concern insofar as they could potentially arise again if the husband chooses to file a complaint for modification. 

 In the modification judgment, the judge converted the husband's unallocated support obligation to "spousal support," and reduced the amount from $6,000 to $4,290 per month. The judge made the following relevant findings in support of the modification judgment. The judge found that the eldest child's emancipation and the "change in circumstances relative to [the husband's] income" constituted material changes in circumstances warranting modification. The judge credited the husband's financial statement reporting an annual salary of approximately $170,000; however, she did not address the footnote stating that he also expected to receive annual bonuses of up to $15,000. See G. L. c. 208, § 53 (b) ("income [for purposes of calculating alimony] shall be defined as set forth in the Massachusetts child support guidelines"); Child Support Guidelines § I(A)(6) (June 2018) ("income" for purposes of calculating child support includes "bonuses"). With respect to the wife's financial circumstances, the judge did not state whether she credited the wife's financial statement (although she appeared to credit the wife's report of zero income, exclusive of support from the husband). [Note 14] The only express finding made by the judge regarding the wife's finances -- that she currently has an "interest-free" mortgage with monthly payments of $410.37 -- appears to be clearly erroneous insofar as the wife reported monthly mortgage payments of approximately $2,344 ($541 per week) on her financial statement, including 

 Page 146 

interest. [Note 15] In arriving at the amount of $4,290 per month for spousal support, the judge relied on alimony principles, explaining that it "is based on approximately [thirty percent] of the difference in the parties' [respective] income[s]," and "on [the wife's] need and [the husband's] ability to pay." [Note 16] See G. L. c. 208, § 53 (b) ("alimony should generally not exceed the recipient's need or [thirty] to [thirty-five] per cent of the difference between the parties' gross incomes"). However, the judge made no findings regarding the wife's needs. The lack of any findings regarding the wife's needs (particularly where her asserted needs, i.e., her reported weekly expenses, far exceeded the amount of support awarded) does not reflect appropriate consideration of the required alimony factors. See G. L. c. 208, § 53 (a); [Note 17] Van Arsdale v. Van Arsdale, 477 Mass. 218, 219 (2017) (alimony continues to be grounded in determination of need and ability to pay); Adlakha v. Adlakha, 65 Mass. App. Ct. 860, 869 (2006) ("Without the benefit of the judge's fact finding regarding the [wife's] reasonable needs, we must speculate to discern the basis for the [$4,290] figure"). The judge also did not make any findings demonstrating that the slight decrease in the husband's income constituted a material change in his ability to pay the existing unallocated support order of $6,000 per month. [Note 18] 

 While the emancipation of a child is an appropriate basis for modification of a support order, see Cavanagh, 490 Mass. at 417-420, 

 Page 147 

two of the parties' three children were still unemancipated and dependent on the wife at the time of the modification judgment. The judge did not make any findings regarding the two unemancipated children's needs, [Note 19] and it does not appear that she ordered any support for those children insofar as she relied solely on alimony principles when calculating the spousal support order. [Note 20] See G. L. c. 208, § 28 (child support presumptive for children under eighteen and discretionary for dependent children up to age twenty-three, in furtherance of public policy that "dependent children shall be maintained as completely as possible from the resources of their parents"); Child Support Guidelines, preamble (June 2018) (rebuttable presumption that child support "guidelines apply in all cases . . . modifying a child support order"). Nor did the judge address the footnote in the husband's financial statement explaining that he also expected to receive annual bonuses of up to $15,000. Child Support Guidelines § I(A)(6) (June 2018) ("income" for purposes of calculating child support includes "bonuses"). A judge abuses their discretion in calculating child support and denying alimony where they "failed to do the fact-specific analysis of the family's circumstances." Cavanagh, 490 Mass. at 409.

 Conclusion. [Note 21] The modification judgment is vacated, and the matter is remanded for the following limited proceedings. A new judgment shall enter disposing of all claims and incorporating (1) the partial judgment dated January 30, 2020, which incorporated the parties' stipulation of the same date; and (2) the parties' stipulation for partial judgment dated October 23, 2020. The husband's unallocated support obligation of $6,000 per month set forth in the divorce judgment shall be reinstated, retroactive to 

 Page 148 

October 23, 2020. The judge on remand shall issue an order determining the amount of, and an appropriate repayment schedule for, any support arrearage owed by the husband. 

So ordered.

FOOTNOTES
[Note 1] The husband's unallocated support obligation appeared to be intended as a family support order, i.e., a hybrid of child and spousal support. See Duval v. Duval, 101 Mass. App. Ct. 752, 761-762 (2022). 

[Note 2] We refer to the version of the Child Support Guidelines in effect at the time the modification judgment issued. 

[Note 3] The rule is identical to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). Although the husband's motion did not cite to any of the numbered subsections of Mass. R. Dom. Rel. P. 60(b), the wife maintains that his motion was brought and decided under subsection 60(b)(6), as the other subsections do not apply. The husband does not dispute this assertion in his brief, and accordingly, we proceed under the assumption that his motion was brought and decided under rule 60(b)(6). 

[Note 4] The rule, which is identical to Mass. R. Civ. P. 78, 365 Mass. 839 (1974), provides in relevant part: "To expedite its business, the court may provide by order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition. The court may require the filing of briefs, in such form and within such time as it may direct." 

[Note 5] The husband also filed a financial statement in which he reported a gross weekly salary of $3,269.23 ($170,000 per year), zero bonus income (although he included a footnote that he expected to receive a "discretionary bonus of up to $15,000"), weekly expenses (excluding unallocated support) of $673.60, assets (excluding the marital home) in excess of $500,000, and zero liabilities. 

[Note 6] The wife alleged that "[a]ll three children live with disabling medical conditions which require regular treatment by numerous medical specialists." 

[Note 7] The wife also submitted a financial statement reporting zero income aside from unallocated support of $1,384.62 per week, weekly expenses of $2,564 (including a mortgage payment of $541 per week and uninsured medical expenses of $450 per week), assets (excluding the marital home) totaling less than $86,000, and liabilities exceeding $135,000 (with weekly payments totaling approximately $133). 

[Note 8] "The text of Mass.R.Dom.Rel.P. 60(b) is the same as that of Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). We may, therefore, look to the cases under the civil procedure rule and the parallel Federal rule." DeMarco, 89 Mass. App. Ct. at 621 n.5, quoting Freitas v. Freitas, 26 Mass. App. Ct. 196, 197 n.1 (1988). 

[Note 9] "[B]ecause the text of [Mass. R. Dom. Rel. P. 16] is . . . substantially similar to that of Fed.R.Civ.P. 16, we look to cases decided under [that] rule[] for guidance" (footnote omitted). Slade, 43 Mass. App. Ct. at 377-378. 

[Note 10] Indeed, the judge initially stated during the September settlement conference that the husband would have to file a complaint for modification. The judge's sudden decision to change course and allow the husband to file a rule 60(b) motion appeared to be in response to her exchange with the wife regarding the marital home issue. Cf. Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 132 (2020) (judge in civil contempt hearing was initially opposed to ordering father's incarceration but then ordered it after having exchange with father during which he exhibited "a 'poor attitude'"). 

[Note 11] Because both parties' requests for modification of support were "waived" as a result of their exclusion from pretrial order, see Slade, 43 Mass. App. Ct. at 378, quoting Roland M., 910 F.2d at 999, there was no pending complaint for modification of support when the husband raised the issue of his unemployment at the settlement conference. Thus, although not pressed by the wife in her brief, we note that the judge arguably lacked statutory authority to modify the support order given the absence of a pending complaint for modification of support. See G. L. c. 119A, § 13 (a) (court may only modify child support during period in which complaint for modification is pending); Rosen v. Rosen, 90 Mass. App. Ct. 677, 682-683 (2016) (same). See also G. L. c. 208, §§ 28, 37; Grullon, 485 Mass. at 139 (court has power to modify existing support order in context of complaint for modification or contempt). 

[Note 12] We do not agree with the husband's contention at oral argument that the issues regarding the marital home and support modification were intertwined, thus requiring the parties' stipulation regarding the marital home to be vacated if the modification judgment is vacated. The stipulation regarding the marital home was not predicated on the outcome of the modification judgment -- indeed, the parties settled that issue months before the modification judgment entered. 

[Note 13] The judge's stated rationale for denying the continuance was that the matter had already had "been scheduled I don't know how many times"; however, that statement was clearly erroneous given that the judge had just allowed the husband's rule 60(b)(6) motion. 

[Note 14] This can be inferred from the fact that the judge calculated the monthly support order of $4,290 as "approximately" thirty percent of the difference between the parties' incomes. 

[Note 15] The "interest rate lock agreement" for the wife's mortgage showed an interest rate of 3.5 percent. 

[Note 16] The judge also considered the fact that the husband agreed to waive his interest in the marital home equity in exchange for the wife refinancing the mortgage. The judge, however, gave little weight to the poor condition of the marital home "because [the wife] [chose] to refinance the home with knowledge of the needed repairs instead of selling [it]." 

[Note 17] "In determining the appropriate form of alimony and in setting the amount and duration of support, a court shall consider: the length of the marriage; age of the parties; health of the parties; income, employment and employability of both parties, including employability through reasonable diligence and additional training, if necessary; economic and non-economic contribution of both parties to the marriage; marital lifestyle; ability of each party to maintain the marital lifestyle; lost economic opportunity as a result of the marriage; and such other factors as the court considers relevant and material." G. L. c. 208, § 53 (a). 

[Note 18] Nor does the record appear to contain support for such a finding, as the husband's financial statement reflected a weekly surplus of approximately $1,200, after deducting his total weekly expenses of $2,068.95 (including unallocated support of $1,395.25 per week) from his reported net weekly income of $3,269.23. 

[Note 19] It is undisputed that one of those children was undergoing treatment for cancer. The wife alleged that the out-of-pocket cost of the child's oncology infusions was $450 per week. The judge did not address this, nor any of the other children's needs, in the modification judgment. 

[Note 20] The "guidelines do not preclude the Court from deciding that any support order be designated in whole . . . as alimony . . . without it being deemed a deviation, provided that the tax consequences are considered in determining the support order and the after-tax support received by the recipient is not diminished." Child Support Guidelines § II(A)(2) (June 2018). However, because the judge made no findings concerning the unemancipated children's needs, it is unclear, at best, whether she took them into account when reclassifying the husband's unallocated support obligation as alimony and reducing the amount. 

[Note 21] Nothing in this opinion prevents the husband from filing a complaint for modification of support based on the emancipation of one or more of the parties' children. We express no opinion on the merits of such a filing if and when made. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.