NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-320

JERRY THOMAS

vs.

JANE CUNNINGHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jerry Thomas, brought a complaint in equity against his former wife, Jane Cunningham, raising two claims of unjust enrichment relating to their 2017 divorce judgment.  A Probate and Family Court judge allowed Cunningham's motion to dismiss the complaint under Mass. R. Dom. Rel. P. 12 (b) (6) on the ground, among others, that Thomas's claims were barred by res judicata.  We affirm.

Background.  We summarize the factual allegations of the complaint, which we accept as true.  See Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).  We also consider the documents referenced in the complaint and the records of other court proceedings.  See id. at 614 n.5 (documents

referenced in complaint may be considered in connection with rule 12 (b) (6) motion); Reliance Ins. Co. v. City of Boston, 71 Mass. App. Ct. 550, 555 (2008), quoting Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) ("in evaluating a motion under rule 12 (b) (6), 'matters of public record . . . may be taken into account'" including "records of other courts in related proceedings, of which the judge may take judicial notice in any event").

1. Divorce judgment. The parties were divorced in January 2017. Two aspects of the divorce judgment are relevant to this appeal.

First, the divorce judgment required Thomas to transfer half of the balance of his individual retirement accounts (IRA) to Cunningham. Thomas's attorney was "responsible for drafting any documents necessary to transfer" the assets. In or about September 2018, Thomas "carried out the transfer," but because of "an administrative error, the fund manager did not treat the transfer as having been made incident to divorce," causing Thomas to incur a "tax liability."

Second, the divorce judgment required the parties to list the marital home for sale by April 1, 2017, unless they mutually agreed to a later date. The net sale proceeds were to be

divided equally between the parties with certain offsets.  The parties later agreed to postpone the sale.

2.  Prior litigation related to transfer of IRA assets.  In January 2021 Thomas brought a complaint in equity against Cunningham, seeking an order "[c]ompel[ling] [her] to cooperate with [Thomas] to arrange retroactive correction of the 2018 transfer" and "other and further relief as [the] Court deem[ed] meet and just."  In May 2021, after a hearing, a Probate and Family Court judge dismissed the complaint with prejudice as "[i]mproperly [p]led."  Thomas did not appeal.

Three months later, Thomas filed a complaint for civil contempt against Cunningham, alleging that she violated the divorce judgment "by failing and refusing to cooperate with the plaintiff in recharacterizing the transfer as a tax-exempt rollover transaction incident to divorce."  In January 2022, after a hearing, a different judge found Cunningham not guilty of contempt.  The judge noted, however, that "it appear[ed] that the intent of the [divorce] judgment was . . . that the transfers would be exempt from federal taxation."  Accordingly, she ordered that Thomas "may seek to amend his tax filings to request tax exemption for transfer made; [Cunningham] shall fully cooperate with same.  She shall not be required to pay any

additional tax, however, due to [Thomas's] mistake." Thomas did not appeal.

3. <u>Prior litigation related to marital home</u>. In December 2018 Cunningham filed a complaint for modification of the divorce judgment, requesting increased support. See <u>Cunningham</u> v. <u>Thomas</u>, 102 Mass. App. Ct. 135, 136 (2023). Thomas counterclaimed for reduction of his support obligation and for permission to access the marital home (where Cunningham and the parties' children were living) and list it for sale. See <u>id</u>.

On October 23, 2020, the parties signed a stipulation for partial judgment, settling Thomas's counterclaim regarding the marital home. In the stipulation "[t]he parties acknowledge[d] that [Cunningham] ha[d] obtained refinancing of the existing mortgage loan secured by the [marital home] . . . so as to remove [Thomas] from said mortgage and relieve him of any liability with respect to the said mortgage note." The stipulation went on to provide that "[o]n October 23, 2020 [Thomas] shall convey his interest in the said property to [Cunningham] by deed to be transferred at closing on the above-referenced refinancing transaction. Upon the closing of the said refinancing, [Thomas] waives any further interest in the said property."

4

In February 2021 a Probate and Family Court judge issued a modification judgment incorporating the parties' stipulation regarding the marital home and reducing Thomas's support obligation.  On Cunningham's appeal, however, we vacated the modification judgment, reinstated Thomas's original support obligation, and remanded for entry of a new judgment.  See Cunningham, 102 Mass. App. Ct. at 147-148.  We also rejected Thomas's argument "that the issues regarding the marital home and support modification were intertwined, thus requiring the parties' stipulation regarding the marital home to be vacated if the modification judgment is vacated." Id. at 143 n.12.  As we explained, "[t]he stipulation regarding the marital home was not predicated on the outcome of the modification judgment -- indeed, the parties settled that issue months before the modification judgment entered." Id.  Accordingly, we ordered that the new judgment to be entered on remand "incorporat[e] . . . the parties' stipulation for partial judgment dated October 23, 2020." Id. at 147.  Thomas did not seek further appellate review.

4. Thomas's current claims.  In March 2023 Thomas filed the underlying complaint in equity, asserting two claims of unjust enrichment.

Count I alleges that, as a result of the 2018 transfer of his IRA assets, Thomas "[i]n effect . . . assumed [Cunningham's] tax liability with respect to the distribution" and that "it would be unjust and inequitable for [Cunningham] to retain the benefit without compensation."  As relief, the complaint requests "judgment in favor of [Thomas] in an amount equivalent to [Cunningham's] foregone [sic] income tax liability."[1]

Count II alleges that Thomas conferred a financial benefit on Cunningham by "agree[ing] to a modification of the judgment of divorce whereby he waived his interest in the equity of the former marital home . . . and conveyed the property to [Cunningham]" and that "it would be unjust and inequitable for [Cunningham] to retain the [benefit] conferred."  As relief, the complaint requests "judgment in favor of [Thomas] in an amount equivalent to one-half of the net equity in the former marital home as of October 23, 2020."

Discussion.  Our review of an allowance of a motion to dismiss is de novo.  See Ryan, 483 Mass. at 614.

1.  Count I.  The judge correctly dismissed count I of the complaint because it is barred by claim and issue preclusion.

---

[1] Nowhere does the complaint allege that Cunningham failed to cooperate with Thomas in his efforts to amend his tax filings.

6

We therefore need not reach Cunningham's alternative argument that count I fails to state a claim of unjust enrichment.

Claim preclusion has three elements:  "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting DaLuz v. Department of Corr., 434 Mass. 40, 45 (2001).  Here, the May 2021 judgment dismissing Thomas's first equity complaint and the January 2022 contempt judgment each have claim preclusive effect on count I. Both prior actions indisputably involved the same parties as in this case and resulted in a final judgment on the merits.  In addition, the prior causes of action were identical to the present one for purposes of claim preclusion because they "derived from the same transaction or series of connected transactions," namely, Thomas's transfer of his IRA assets to Cunningham.  Saint Louis v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399 (1991).  Thomas does not dispute this. Instead, he argues that claim preclusion does not apply because "[i]n both prior actions, . . . he sought relief in the form of specific performance," whereas "[h]is current claim . . . seeks to equalize the transfer of retirement assets by restitution." This argument disregards the settled principle that "[a] party

cannot preserve the right to bring a second action after the loss of the first, merely by having circumscribed and limited the theories of recovery opened by the pleadings in the first." Mackintosh v. Chambers, 285 Mass. 594, 597 (1934). See Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee, 75 Mass. App. Ct. 27, 34 (2009), quoting Charlette v. Charlette Bros. Foundry, Inc., 59 Mass. App. Ct. 34, 44 (2003) ("claim preclusion will apply even though a party is prepared in a second action to present different evidence or legal theories to support his claim or seeks different remedies").

Furthermore, the January 2022 contempt judgment has issue preclusive effect on count I. Issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." Kobrin, 444 Mass. at 843, quoting Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). For issue preclusion to apply, "the issue decided in the prior adjudication must have been essential to the earlier judgment." Kobrin, supra at 844, quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134-135 (1998). Here, the judge in the contempt action found Cunningham not in contempt and ordered that "[Cunningham] shall not be required to pay any additional tax . . . due to [Thomas's] mistake." This is the

8

same issue raised by count I -- whether Thomas is entitled to compensation from Cunningham because he "assumed [her] tax liability with respect to the distribution" -- and Thomas raises no argument that it was not essential to the contempt judgment. Count I is thus independently barred by issue preclusion.

2. Count II. The judge correctly dismissed count II because it is likewise barred by issue preclusion. The essence of this claim, as Thomas explains in his brief, is that he entered into the October 23, 2020 stipulation and exchanged his equity in the marital home "for the expectation of a modified support obligation." Thomas argues that, because we "unraveled" this exchange by vacating the modification judgment on appeal, barring him now from litigating the issue of his home equity "would leave only an inequitable forfeiture." This presents the same question that we resolved in our earlier decision, namely, whether "the issues regarding the marital home and support modification were intertwined" such that the parties' stipulation would have to be vacated were the modification judgment vacated. Cunningham, 102 Mass. App. Ct. 143 n.12. Concluding they were not intertwined, we ordered that a new judgment enter on remand incorporating the stipulation. See id. at 147. The issue raised by count II has thus been litigated

9

and decided, and Thomas again raises no argument that it was not essential to the judgment.

We also agree with Cunningham that count II fails to plausibly state a claim for unjust enrichment because Thomas agreed in the stipulation to "waive[] any further interest in the [marital home]" and in exchange Cunningham agreed to refinance the existing mortgage loan so as to "relieve [Thomas] of any liability with respect to the said mortgage note."  An unjust enrichment claim does not lie "where an express contract covering the matter exists."  York v. Zurich Scudder Invs., Inc., 66 Mass. App. Ct. 610, 620 (2006).  The dismissal of count II was proper for this additional reason.

3.  Attorney's fees.  Cunningham requests an award of her appellate attorney's fees and double costs on the ground that that the appeal is frivolous.  We agree that the appeal is frivolous, at least as it pertains to the dismissal of count I. Accordingly, within fourteen days of the date of this decision, Cunningham may file an application for fees and costs.  The application shall be limited to those fees and costs incurred in

defending that part of the appeal related to the dismissal of count I.  Thomas may have fourteen days to respond.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment affirmed.

By the Court (Neyman, Shin & Wood, JJ.[2]),

Clerk

Entered: March 14, 2025.

---

[2] The panelists are listed in order of seniority.